WESTERN UNION TELEGRAPH COMPANY v. JANE H. MILLER.

[52 South. 701.]

DAMAGES. *Demand for punitive only. Failure to show element entitling. Peremptory instruction.*

Where punitive damages alone are demanded in a suit, a requested peremptory instruction for defendant should be given in the absence of all evidence that defendant's negligence in the matter complained of was characterized by malice, fraud, oppression or wilful wrong, or by such wanton, reckless or grossly careless conduct as is equivalent thereto.

FROM the circuit court of Newton county.

HON. JAMES R. BYRD, Judge.

Mrs. Miller, appellee, was plaintiff in the court below; the telegraph company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*J. B. Harris* and *R. S. Hall,* for appellant.

The main question for the consideration of the court is, whether the facts disclosed by the record, are such as to warrant the court below in submitting to a jury the question of punitive damages.

The law of this state on this subject is so well settled, has been so often reiterated, that it seems unnecessary to set out the rule in this brief; however, we will do so.

In the case of *Telephone Co. v. Allen,* 89 Miss. 832, and in the case of *Telephone Co. v. Baker,* 85 Miss. 486, this court quoted with approval the rule laid down by this court in *Railroad Co. v. Marlett,* 78 Miss. 872, which is as follows:—

"It has been held in this state that punitive damages may be recovered only in cases where the acts complained of are characterized by fraud, oppression, or wilful wrong, evincing a disregard for the rights of others. There must be some element of one or more qualities or properties named relating to the acts made the ground of action, before exemplary damages can be inflicted."

In the light of this rule, which is firmly established in the jurisprudence of this state, can it be said that the facts of this case as disclosed by the record, show any element whatever of malice, fraud, oppression or wilful wrong, evincing a disregard of the right of the plaintiff.

The facts of this case cannot be tortured into a wilful and intentional wrong. The question here for consideration is not whether defendant exercised the highest degree of care in the transmission of these messages, but whether the facts disclosed by the record, made out a case of wilful wrong, wanton recklessness, and capricious disregard of the plaintiff's rights.

There is no attempt whatever to deny the existence of the strike and there is nothing in the record to show that anything else could be done which was not done in this case, to get the messages to the plaintiff as soon as practicable. There is no attempt to show that the messages could have been transmitted from Somerset, Kentucky, by any other route or more expeditiously, than they were.

The plaintiff claimed no actual damages, but seeks in this suit to punish the company upon the idea that she suffered wilful and wanton wrong at the hands of defendant.

*Jesse D. Jones* and *Flowers, Fletcher & Whitfield,* for appellee.

The whole question for the court to decide is as to whether the conduct of the telephone company showed such negligence and such wanton disregard of the rights of plaintiff as to entitle her to recover punitive damages or damages for mental suffering which is the same thing.

The sole defense interposed by the telegraph company was that there was a strike among the commercial telegraphers at that time and by reason of this strike the telegram was not forwarded in the usual way from Jackson but that resort was had to the mails. But the proof clearly shows that there was no strike at Newton. It appears that the business at Newton was handled by operators working jointly for the railway company and the telegraph company. There was no strike among this class of telegraph operators.

Both messages were mailed, in an ordinary envelope addressed to Mrs. Miller and in which envelope there was a printed slip stating that on account of the strike the telegrams could not be sent in the usual way. The company did not undertake to forward these telegrams by wire and failed. 2 Thompson on Negligence, § 2470.

Counsel seem to rely very largely upon the case of the *Railroad Co. v. Marlett,* 78 Miss. 872, in which it is said that punitive damages can be recovered only when there has been a wrongful act done with the knowledge of its wrongfulness. We have no quarrel with this rule or this standard. Was it wrongful in the case at bar for the telegraph company not to employ any effort to get these messages delivered and did not the company

know that it was wrong for it to fail, to use some of the agencies at its disposal? Was it an unintentional wrong when the company did not try to get the Newton office over the wire, did not resort to the telephone, did not even forward the letter by the first mail? What acts can more fittingly be described as wanton and wilful negligence?

Argued orally by *J. B. Harris,* for appellant, and by *R. V. Fletcher,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellee instituted suit in the court below to recover from appellant punitive damages for delay in the delivery of two telegrams, alleged to have been occasioned by the wilful and wanton negligence of appellant. No actual damages were claimed. From the judgment awarding the sum of $1,000, this appeal is taken.

On the 30th day of September, 1907, appellee was living in Newton, Miss., and her mother was residing in Somerset, Ky., with Luther R. Robinson, her son and appellee's brother. On the morning of said day Robinson delivered the following telegram to appellant's agent at Somerset for transmission to appellee: "Mother is very sick. She wants you to come. Wire me when you start." Mrs. Robinson died about 3 o'clock the next morning, and about 9 o'clock a. m. of that day, October 1st, Robinson delivered another telegram to appellant's agent for transmission to appellee; the same being as follows: "Mama is dead. Come. Wire immediately." At this time, and for some time prior thereto and thereafter, there was a general strike on among appellant's employes, and it was having great difficulty in conducting its business. Robinson knew of this fact, but states that the operator advised him that he thought he would be able to get the message through. There are several relay stations between Somerset and Newton, one of which is

Jackson, Miss. The first telegram was received at Jackson, Miss., at 4 o'clock p. m., September 30th, and the second at 12:53 o'-clock p. m., October 1st. At this time, on account of the strike among the telegraph operators, most of the work of receiving and transmitting messages at Jackson was being done by the manager of that office, and these two messages were handled by him. On account of interference with its wires by its operators who were on strike, and by others not on strike but in sympathy therewith, the company had practically abandoned any attempt to use its wires on the Alabama & Vicksburg Railway, on which Newton was situated, and was then forwarding its messages by mail. No attempt seems to have been made to forward these messages by wire, the testimony of appellant's manager relative thereto being as follows: "Before that I had tried so often on the Alabama & Vicksburg, and was disturbed so, and there was such language used, I gave it up altogether. The commercial wire stood open nearly every minute from the beginning of the strike until it closed. I tried on several occasions to see where the trouble was, and as fast as I would get it straightened out between two or three stations, and get the wire in good condition, the wire would be opened somewhere else on the line, and finally I gave it up as a bad job and quit trying. As to the railroad wires, the moment we broke in and signed our office call, the railroad operators recognized that we were the commercial office, and would start to interfering with the circuit, so the outcome of it was we could do nothing." Appellant sometimes used the wires of the railroad company in transmitting its messages. Upon receipt of these messages, one copy thereof was mailed to appellee, and one copy was mailed to appellant's agent at Newton. It does not appear from the evidence when these messages were deposited in the mail; but the first one was received by appellant at 8 o'clock on the morning of October 1st, and the second at 11 o'clock on the morning of October 2d;

appellant's agent at Newton in each instance telephoning her the contents of his message before she obtained hers from the post office.    When she received the last message, it was too late for her to attend her mother's funeral.

At the close of the evidence a peremptory instruction was requested by appellant, and refused.    This instruction ought to have been given.    There was no evidence from which the jury could have inferred that the delay in delivering the telegrams was characterized by malice, fraud, oppression, or wilful wrong, evincing a disregard of the rights of others, or by such wanton, reckless, or grossly careless conduct as is equivalent thereto. A wrongful act, to which punitive damages are applicable, must not only be done with a knowledge of its wrongfulness, but must be characterized by one or more of the above elements.    *Railroad v. Marlett,* 78 Miss. 872, 29 South. 62; *Cocke v. Telegraph Co.,* 84 Miss. 380, 36 South. 392.    The delay in delivery was caused by the strike then on among the employes of appellant, and these telegrams were handled in the same manner that all other business of this character was then being necessarily handled by the appellant, including the mailing of the telegrams at Jackson.

It is said that the appellant could have telephoned the messages over the long-distance telephone, and that, if sent by mail, a special delivery stamp should have been placed on the envelope containing same.    Granting that appellant was negligent in not using one or the other of these means in forwarding the telegrams, as to which we express no opinion, negligence alone, as hereinbefore stated, will not warrant the imposition of punitive damages.    As was said by this court in *Telephone Co. v. Baker,* 85 Miss. 492, 37 South. 1013: "Every legal wrong entitles the party injured to recover damages sufficient to compensate for the injury inflicted, but not every legal wrong entitles the injured party to recover exemplary damages.    Punitive damages are

allowed, not solely nor chiefly for the benefit of the particular individual injured, but are awarded on the well-established principle of law that they may have a deterrent effect and protect the general public against a repetition of similar offenses."

*Reversed and remanded.*