MYAKKA Company, a Corporation, *Appellant*, v. ROBERT J. EDWARDS, APPELLEE.

## Opinion Filed November 24, 1914.

1. The publication provisions of Chapter 4129, Acts of 1893, authorizing constructive service of initial process in chancery, have reference to the appearance day stated in the act, and not to rule days on which defaults for failure to plead or demur may be entered under the statute and chancery rules.

2. Under Chapter 4129, Acts of 1893, authorizing constructive service by publication of initial process to acquire jurisdiction of a non-resident defendant in a chancery case, where the first publication is less than four weeks or twenty-eight days prior to the appearance day fixed in the order of publication, the requirement that such publication shall be "once each week, for four consecutive weeks," is not complied with, and jurisdiction of the person is not acquired.

3. Where jurisdiction of a defendant has not been acquired, a decree rendered against him in the cause is not binding upon him.

Appeal from Circuit Court for Manatee County; F. A. Whitney, Judge.

Order affirmed.

*James F. Glen,* for Appellant;

*Arthur F. Odlin,* for Appellee.

WHITFIELD, J.—On December 4, 1913, Robert J. Edwards filed a bill in equity against Myakka Company, a corporation under the laws of South Carolina, and Junius Beebe, in which it is alleged that Edwards is the owner in

fee of certain real estate in Manatee County, Florida, and
that such real estate is wild, unoccupied and unimproved;
that the said defendant Myakka Company, a corporation
as aforesaid, claims to have some title to, or interest in,
or claim upon said land, the exact nature of which is un-
known to your orator, but the same constitutes a cloud
upon the title of your orator, deprives him of his right to
sell or mortgage his said real estate, depreciates the value
thereof, and that as against said Myakka Company your
orator is without remedy at law. And your orator fur-
ther says that the defendant Junius Beebe claims some
title to, interest in or lien upon said land of your orator,
the exact nature of which claim, title or interest your
orator is unable to state, yet the same constitutes a cloud
upon the title of your orator, deprives him of his right
to sell or mortgage his said real estate, depreciates the
value thereof, and that as against said Beebe your orator
has no remedy at law.

Therefore your orator prays that by a decree of this
Honorable Court, the title of your orator may be quieted
as against said defendants, each and both of them, so far
as said real estate of your orator may be concerned; that
said defendants be declared possessed of no title to, inter-
est in, or claim upon said lands, and that the same may
be decreed to belong absolutely to your orator.

And your orator prays for such other and further relief
in the premises as equity may require and as to your
Honor may seem meet. Also that said defendants may be
required to answer this bill and to stand to and abide by
all orders and decrees which may be entered herein."

The defendant Myakka Company filed the following
plea: "That this defendant heretofore, to-wit, on the 4th
day of January, A. D. 1906, filed in the Circuit Court of

Manatee County, Florida, its bill of complaint against the present complainant (Robert J. Edwards) and the unknown heirs of George B. Nichols and Weston Lewis, deceased, and such other persons whose names were unknown as might be interested in the property described in the present bill of complaint, which was particularly described in the said bill of complaint filed by this defendant, for the purpose of quieting the title of this defendant to the premises described in the present bill of complaint, as against the present complainant as well as against the unknown heirs of George B. Nichols and Weston Lewis, deceased, and such other persons as might be interested in the said premises, whose names were unknown to this defendant, and such proceedings were had in said cause that, to-wit, on the said 4th day of January, A. D.1906, an order of publication was duly made requiring the present complainant to appear to the said bill of complaint on the 5th day of February, A. D. 1906, it being alleged in the affidavit appended to the said bill of complaint that the said Robert J. Edwards was a resident of a State other than the State of Florida, and that the place of residence of the said Robert J. Edwards as particularly as the same was known to affiant was in Boston in the State of Massacusetts, and that in the belief of the affiant the said Robert J. Edwards was over the age of twenty-one years, and an order of publication was also duly made requiring the unknown defendants to the said bill to appear thereto on the 2nd day of April, A. D. 1906, and the said order of publication requiring the said Robert J. Edwards to appear to the said bill was duly published once each week for four consecutive weeks in a newspaper published in Manatee County, Florida, designated in the said order, to-wit, the Bradentown Herald, and appeared in the issues of said paper on January 11th, January 18th,

January 25th and February 1st, A. D. 1906, and the order of publication directed to the unknown. defendants was duly published once. each week for twelve consecutive weeks in a newspaper published in Manatee County, Florida, designated in the said order, to-wit, the Bradentown Herald, and appeared in the issues of said paper of January 11th, January 18th, January 25th, February 1st, February 8th, February 15th, February 22nd, March 1st, March 8th, March 15th, March 22nd, and March 29th, 1906, and such proceedings were thereafter had in said cause that upon a certificate being duly made and filed by the Clerk of the Circuit Court of Manatee County, Florida, showing the publication of the notices aforesaid in the manner aforesaid and in the issues of the said newspaper aforesaid, and the posting of copies of the said orders in front of the courthouse door of Manatee county and the mailing of a copy of the said order directed to the defendant, Robert J. Edwards, to him at Boston in the State of Massachusetts, upon default of the said Robert J. Edwards and the unknown defendants to the said bill of complaint to appear thereto or to file any plea, answer or demurrer thereto, the Judge of the said Circuit Court, to-wit, on the 26th day of June, A. D. 1906, ordered, adjudged and decreed that there had been due and legal service by publication in the said cause in all respects in the manner prescribed by law, and that all and singular the allegations of the said bill of complaint should be taken as confessed by the defendants and entered a decree *pro confesso* against the said defendants to the said bill of complaint, including the said Robert J. Edwards, and thereupon on the said day by the decree of the said court in the said proceeding it was ordered, adjudged and decreed that this defendant be quieted in its title to the premises described in the said bill of complaint, and in the

present bill, as against the said Robert J. Edwards, as well as against the unknown defendants thereto, and that any and all claims on the part of the said Robert J. Edwards to the said lands or any part or parcel thereof be removed as a cloud upon the title of this defendant thereto, and that he the said Robert J. Edwards, be required, within ten days from the date of the said decree, to-wit, within ten days from the said 26th day of June, A. D., 1906, to make, execute and deliver to this defendant a proper release of any and all right, title and interest in and to the said lands and each and every part and parcel thereof, all of which more fully appears by the record of the proceedings in the suit aforesaid, a certified transcript of which is hereto annexed as 'Exhibit A' hereto, and hereby made by reference a part of this plea as fully as if the same were herein incorporated *in haec verba.*

All of which matters and things this defendant doth aver and plead in bar of the entire bill of complaint of the complainant, and prays judgment of this Honorable Court whether it should make any further or other answer to the said bill of complaint."

On this plea the following order was made: "This cause coming on to be heard upon the argument of the plea of the defendant to the bill of complaint filed herein, it being stipulated by counsel for the respective parties that the plea correctly states the facts in reference to the service of process in the former chancery suit, and should be considered with the same force it would have in case a transcript of the record of the former cause were attached thereto, the former record not being found at the present time, upon consideration thereof, the court being of the opinion that the publication of process in the former suit was insufficient, and that no jurisdiction was acquired thereby to render a decree binding Robert J. Ed-

wards, it is therefore ordered, adjudged and decreed that the plea shall be deemed and held insufficient and disallowed and overruled as a plea to the said bill of complaint, and that the defendant, Myakka Company, a corporation, be required to answer the said bill of complaint, and the said defendant having announced its appeal from the decree to the Supreme Court of Florida, it is by consent of the respective parties ordered that no answer shall be required until the determination of said appeal, or the further order of the court."

The defendant Myakka Company appealed and assigns error as follows:

"1. The court erred in and by the decree appealed from in holding and deciding that jurisdiction was not obtained of Robert J. Edwards to render a decree binding on him in the suit mentioned in the plea of this defendant.

2. The court erred in holding and deciding that the decree in the former suit mentioned in the plea of this defendant could be collaterally attacked in this proceeding on the ground of the alleged insufficiency of service of publication in the said suit."

The statute under which the asserted constructive service was made is as follows:

"CHAPTER 4129—(No. 15).

AN ACT to Provide for the Service of Non-Resident Defendants and Others in Chancery Causes, being an Act to Amend Section 1413 of the Revised Statutes.

*Be It Enacted by the Legislature of the State of Florida:*

Section 1. That Section 1413 of the Revised Statutes

of the State of Florida be amended so as to read as follows:

1413. Constructive Service.

1. Obtaining order for publication. Whenever the complainant or his agent or attorney shall state in a sworn bill or affidavit, duly filed, the belief of the affiant that the defendant is a resident of a State or county other than this State; specifying as particularly as may be known to affiant, such residence, or that his residence is unknown, or that, if a resident, he has been absent more than sixty days next preceding the application for the order of publication, and that there is no person in the State the service of a subpoena upon whom would bind such defendant, or that he conceals himself so that the process cannot be served upon him, and further states the belief of the affiant as to the age of the defendant being over, or under, twenty-one years, or that his age is unknown, the judge or clerk of the court in which such bill shall have been filed shall make an order against the defendant requiring him to appear to the bill upon a day to be fixed by the order, not less than thirty nor more than fifty days from the time of the making of the order, if he be stated therein to be a resident of the United States; and not less than fifty nor more than eighty days if he be stated to be a non-resident of the United States, or if his residence be stated as unknown.

2. Publication of order.—The clerk shall have all orders of publication against an absent defendant, whether made by the judge or himself, published with as little delay as may be, in such newspaper as may be designated in the order, once each week, for four consecutive weeks, if the defendant be stated to be a resident of the United Stats. and once each week for eight consecutive weeks, if

he be stated to be a non-resident of the United States, or if his residence be stated to be unknown; he shall also within twenty days of the making of the order post a copy of the said order at the door of the court-house of the county, and send by mail a copy to the defendant, if his residence be shown by the bill or affidavit.

Sec. 2. This Act shall take effect immediately upon its approval by the Governor.

Approved May 31, 1893."

To accomplish the purpose designed by this statute it should be so construed and applied as to afford due process of law and effectually protect individual rights of non-residents who are not only permitted but encouraged to acquire property in this State, as well as to give ample remedy to those having rights in the property of non-residents situated in this State.

The question to be determined is whether the publication of constructive service, as stated in the above plea, gives the court jurisdiction of Edwards, who was a defendant in the former suit involving the property in controversy here. The publication here considered was to make constructive service of initial process to acquire jurisdiction of a non-resident defendant in a suit in equity —not as notice of proceedings in a cause where jurisdiction of the defendant has been duly acquired, or as notice of legislative proceedings as in *Ex parte* Lower, 178 Ala. 87, 59 South. Rep. 611.

The above quoted statute contemplates that when the defendant is a resident of the United States, as in this case, the publication shall begin four weeks before the appearance day. The manifest purpose of the provision requiring the appearance day to be fixed by the order, and, in a case like this, that such appearance day be not less than

thirty nor more than fifty days from the making of the order of publication, is to give ample opportunity for the required publication to begin not less than four weeks before the appearance day. The publication provisions of the statute have reference to the appearance day stated in the statute, and not to rule days on which defaults for failure to plead or demur may be entered under the statute and chancery rules. This statute is designed to secure a lawful constructive service of initial process to acquire jurisdiction of a defendant who resides beyond the State, for the purposes of an equity suit affecting the rights of such defendant in lands within the jurisdiction of the court; and the provision that the publication shall be "for four consecutive weeks" means a publication once each week during four weeks, the first publication to be four weeks from the appearance day fixed in the publication. See 3 Words & Phrases, p. 2858; 2nd Series, p. 594. The first publication was on January 11th, and the appearance day was February 5th.

The requirement here that the publication shall be "once each week, *for* four consecutive weeks," is not complied with when the publication is made once *in* each week, where the beginning of the publication period or the first publication is less than four weeks or twenty eight days from the appearance day to which the publication has reference. See Knowles v. Sumney, 52 Miss. 377; Morse v. United States, 29 App. Cas. (D. C.) 433; Early v. Doe, 16 How. (U. S.) 610; State v. Cherry County, 58 Neb. 734, 79 N. W. Rep. 825.

The statute also provides that the appearance day of the defendant shall be fixed by the order to be "not less than fifty nor more than eighty days if he be stated to be a non-resident of the United States, or if his residence be stated as unknown," and that the publication shall be

"once each week for eight successive weeks if he be stated to be a non-resident of the United States, or if his residence be stated to be unknown." These particular provisions of the statute are not involved here, but it is argued that these provisions should be considered in construing the provision in question here since all the quoted provisions are contained in the same section.

Where the publication is required to be "once each week for eight successive weeks," such publication cannot be fully made when the appearance day is less than eight weeks from the date of the order. The statute permits the appearance day to be fixed "not less than fifty nor more than eighty days" from the date of the order. In applying the statute any real or apparent conflict in it when the defendant is a non-resident of the United States or his residence is unknown, may be avoided by making the appearance in such cases not less than eight weeks but not more than eighty days from the date of the order. This practice is doubtless pursued for convenience if not to make the statute serve the purpose for which it was enacted.

The order of the judge in the former case, that due and legal service had been made by publication, is not effectual when contradicted by the facts shown.

If the court does not acquire jurisdiction of the defendant sought to be brought in by constructive service where there is not a substantial compliance with the requirements of the statute, both as to the publication and as to fixing the appearance day; and where jurisdiction of the defendant has not been acquired, a default cannot be lawfully entered against him for failure to respond to the bill of complaint by plea, answer or demurrer, as required by the statute and rules of court. Nor will a decree rendered, where jurisdiction of the defendant has not been acquired by proper actual or constructive service or appearance, be

binding upon the defendant.    See Guaranty Trust & Safe
Deposit Co. v. Green Cove Springs & M. R. Co., 139 U. S.
137, 11 Sup. Ct. Rep. 512; Shrader v. Shrader, 36 Fla. 502,
18 South. Rep. 672.

In Laflin v. Gato, 52 Fla. 529, 42 South. Rep. 387, it was
held that where the order for publication fixes the ap-
pearance day more than fifty days from the making of the
order, when the defendant is a resident of the United
States, the constructive service is ineffectual. For stronger
reasons, where the defendant is a resident of the United
States a publication for a period beginning less than four
weeks from the designated appearance day, is ineffectual
to give the court jurisdiction of the defendant for the
purpose of adjudicating his rights in property within the
jurisdiction of the court.

The order appealed from is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER,
J. J., concur.