CARRIE A. P. TOWNSEND, *et al., Plaintiffs in Error,* v. H. D. BROWN, *et al., Defendants in Error.*

## Opinion Filed February 16, 1915.

1. A failure to comply strictly with those provisions of tax laws which are intended for the guidance of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would injuriously affect his rights, they cannot be disregarded, and failure to comply with them will render the proceeding invalid.

2. The provision of the statute requiring a publication in a newspaper, "said newspaper to be selected * * * in February," is not mandatory as to the time of the selection, but the duty continues till properly performed.

3. The provision of Chapter 5596, Acts of 1907, that notice of tax sales shall be published "once each week for five consecutive weeks," does not in view of the terms, purpose and policy of the statute and the practical conditions to be met, require a publication covering a period of thirty-five days before the sale day. This statute requires a construction different from Chapter 4129, Acts of 1893, construed in Myakka v. Edwards, decided at this term (68 Fla., 372-382).

Writ of Error to Circuit Court for Duval County; D A. Simmons, Judge.

Judgment reversed.

*J. C. Cooper & Son,* for Plaintiffs in Error;

*Gibbons, Maxwell, McGarry & Daniel,* for Defendants in Error.

WHITFIELD, J.—In an action of ejectment brought in April, 1913, by the plaintiffs in error against the defendants in error to recover Lot 1, Block 33 Springfield, part of the City of Jacksonville, Duval County, Florida, a plea of not guilty was filed, and at the trial the court directed a verdict for the defendants, on which judgment was rendered, and the plaintiffs took writ of error.

The plaintiffs introduced a tax deed to Carrie A. P. Townsend dated September 25, 1912, based upon a sale for the non-payment of taxes on the lot assessed for the year 1908, and rested, the tax deed by statute being "*prima facie* evidence of the regularity of the proceedings from the valuation of the land described in such deed * by the assessor, to the date of the deed * inclusive."

For the purpose of showing the tax deed to be invalid, the defendants over objections by the plaintiffs, were permitted to prove that the newspaper in which the notice of the tax sale was published, was designated in May, 1909, and not in February, 1909, as contemplated by the statute; and to prove that the notice of the tax sale was published on Saturday, June 5th, Saturday, June 12th, Saturday, June 19th, Saturday, June 26th, and Saturday, July 3rd, 1909, and that the sale was on Monday, July 5th, 1909. The court directed a verdict for the defendants on the theory that the tax deed under which the plaintiffs claimed title was void, because the newspaper was not designated in February, but in May, and because the statute requires a publication of the notice of the sale to begin five weeks or thirty-five days before the day of the sale.

The statute provides that the "list shall be published once each week for five consecutive weeks in some newspaper published in the county * and said newspaper to be selected by the board of county commissioners at their first regular meeting in February of each year." Sec. 50, Chap. 5596, Acts of 1907.

A failure to comply strictly with those provisions of tax laws which are intended for the guidance of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might, and generally would injuriously affect his rights, they cannot be disregarded, and failure to comply with them will render the proceeding invalid. Starks v. Sawyer, 56 Fla. 596, 47 South. Rep. 513; Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 South. Rep. 938.

The provision of the statute requiring a publication in a newspaper, "said newspaper to be selected * * in February," is not mandatory as to the time of the selection, but the duty continues till properly performed. A failure to select the newspaper in February, followed by a proper selection in due time for the required publication of the notice of a tax sale, apparently would not injuriously affect the taxpayer's rights, therefore the indicated delay in selecting the newspaper does not under the circumstances shown render the tax sale void.

Publication of the notice of the tax sale is required by the statute to be "once each week for five consecutive weeks," and the controlling question to be determined is

whether the quoted statutory provision as to publication requires five weeks or thirty-five days to intervene between the date of the first publication of the notice and the date of the sale.

In Myakka Co. v. Edwards, decided at the last term, (68 Fla., 372-382) it was held that the statute authorizing constructive service by publication of initial process, "once each week for four consecutive weeks" to acquire jurisdiction of a non-resident defendant in an equity suit to remove cloud from title to land, requires the first publication to be at least four weeks prior to the day on which the defendant is required to appear in the suit, to which appearance day the publication has reference. The opinion on rehearing in the Myakka case contains the following:

"There is a great deal of apparent conflict of opinion between the decisions of the various States on this question of publication of notice, but that contrariety of opinion arises upon the construction of the various statutes of the different States. We have found no case in which the statute construed was couched in precisely the same language as ours. Similar language occurs in many statutes. In some States the statute contains additional provisions that control or influence the construction. Some of the statutes relate to tax sales, sheriff's sales, probate proceedings, attachment, notice in elections, legislative proceedings, etc., but in each case some word or phrase contained in the particular statute, or the character of the proceedings leads the court to its particular conclusion."

In this case the publication is not of initial process to acquire jurisdiction of a non-resident defendant for the purpose of adjudicating his rights in property located in

this State where the publication, having reference to the appearance day to be fixed in the publication is designed to cover a definite period of four weeks; but the publication here considered is of notice of a sale of property for non-payment of taxes previously assessed to which taxes the property is subject in all events, and the day to which the publication has reference *must be on a Monday,* while the publications are generally the latter part of the week. Section 1632, General Statutes, provides that "all sales of property under legal process shall take place   *   on the first Monday in every month;" and this provision fixes the day of the month on which tax sales are to be made.

Chapter 4322, Acts of 1895, required the publication to be "once each week for four consecutive weeks." Under this provision experience demonstrated that as the sale must take place on Monday the publication of the notice of sale "once each week for four consecutive weeks" would not give four weeks notice where the first publication occurred on a day of the week after Monday four weeks before the sale day, the publications being generally in weekly newspapers that for the most part in this State are published the latter part of each week. To remedy this and to have the publication begin at least four weeks or twenty-eight days before the sale day, the statute of 1897, Chapter 4515, required the notice of sale to "be published once each week in five consecutive weeks." In practice under the 1897 enactment the last of the five publications would be on a day in the latter part of the week previous to the week in which Monday the sale day occurred. Thus securing at least 28 days notice prior to the sale day which must be on a Monday. This has been the practice since the 1897 statute was enacted, even

though in Section 558 of the General Statutes of 1906, and in Section 50 of Chapter 5596, Acts of 1907, the provision reads "once each week for five consecutive weeks," there being nothing in the statutes as amended to indicate that a change in the construction of the law or in the practice thereunder should be observed from a publication "once each week in five consecutive weeks," except the substitution of the word "for" in place of the word "in." The purpose to be accomplished, and the conditions to be met, were the same under the Act of 1897 where the word "in" is used, as they are under the subsequent statutes where the word "for" is used; and that purpose is to give owners of land to be sold for non-payment of taxes previously assessed, at least four weeks notice by a series of weekly publications, the last of which publications cannot be made in the week when the sale is required to be for the reason that the sale is to be on Monday. In other words, the policy shown by the statute of 1895 to require a notice covering four weeks by prescribing a publication "once each week for four consecutive weeks." could not conveniently be accomplished in practice by four publications in four consecutive weeks, therefore the 1897 Act required the publication to be "once each week *in five* consecutive weeks," so that four weeks notice would be given by publication even though the last publication be made the latter part of the week preceding the week in which Monday the sale day occurs.

When the change from *in* four weeks to *for* four weeks was made no other change in the statute affecting this subject was made, and the purpose and policy of the statute and the practical conditions to be met, remaining the same, no change in the construction and effect of the

statute was intended by the mere substitution of *for* for *in* in the requirements as to publication.

As the publication here considered is not of initial process to acquire jurisdiction of a non-resident so as to adjudicate his rights in property in this State, but it is a publication of notice of a tax sale, which is a step in the subjection of property to a tax previously assessed, and default is made in the payment of the tax to which all property similarly situated and conditioned is subject; and as the conditions to be met and the history and purpose of the statute here considered do not require a construction that the publication shall cover a period of five full weeks before the day to which the publication has reference as in the Myakka case *supra*, but the policy, and the purpose of the tax statute under the existing conditions as above stated are to give four weeks notice by a publication once each week in five consecutive weeks in newspapers that are generally published the latter part of the week, the sale to take place in every instance on Monday. If the last publication is the latter part of the week and the sale *must take place on Monday* of the next week, full 35 days publication cannot be had, unless the publication begins so far back that, to have only five publications, no publication is to be made in the week immediately preceding the week in which Monday, the sale day occurs, or else six publications would be required, when the payment is by the statute expressly limited to five publications. It follows that 35 day previous publication was not contemplated. Therefore the statute here considered, by its policy and its purpose to meet practical conditions, contemplates and requires only that there shall be five publications once *in* each of five consecutive

weeks prior to the week in which Monday the sale day must come.

As stated in the Myakka case "some word or phrase contained in the particular statute, or the character of the proceedings leads the court to its particular conclusion." In this case the requirement that the sale day be on Monday and the limitation on the number of publications to be paid for, considered in connection with the purpose of the act and the character of the proceeding, control the decision here made.

The judgment is reversed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.