D. R. Cameron, et al., Appellants, v. H. S. Rogers, et al., Appellees.

Opinion filed Nov. 17, 1915.

1. Where it is sought to quiet title or to remove a cloud from title to real estate, which is an equity ground independent of statute, the court has authority to issue an order restraining the cutting of timber on the land and to give such injunctive relief as might be shown to be proper and necessary in the premises.

2. The provision of section 50 of Chapter 5596 of the Laws of Florida, Acts of 1907, that notice of tax sales shall be published "once each week for five consecutive weeks," does not, in view of the terms, purpose and policy of the statute and the practical conditions to be met, require a publication covering a period of 35 days before the sale day.

3. Where the evidence introduced by the complainants themselves shows that the list of lands sold for taxes was made out by the tax collector and recorded by the Clerk, in compliance with section 58 of Chapter 5596 of the Laws of Florida, Acts of 1907, it will be held to be sufficient, though the Clerk of the Circuit Court recites in his certificate, which the complainants introduced in evidence, that such list "was duly recorded in Record Book 1899, on the 10th of November, 1908, as required by section 55, of Chapter 4322, Laws of Florida," since on this point the two statutes are identical.

Appealed from Circuit Court, DeSoto County; F. A. Whitney, Judge.

Decree reversed.

*Leitner & Leitner*, for Appellants;

*J. W. Burton*, for Appellees.

SHACKLEFORD, J.—H. S. Rogers and D. S. Bowen filed their bill in chancery against D. R. Cameron and W. J. Case for the cancellation of certain tax deeds, and other deeds, as clouds upon the title of the complainants to certain lands therein described, and also for an injunction against the defendants from trespassing upon such lands and from cutting and removing the timber therefrom. A decree *pro confesso* was entered against W. J. Case and a demurrer interposed to the bill by D. R. Cameron was overruled, whereupon Cameron filed an answer to the bill, wherein he denied practically all the allegations thereof which were essential to entitle the complainants to relief, a general replication was filed to the answer and the cause referred to a special master to take and report the testimony offered by the respective parties. The cause came on for a final hearing upon the pleadings and the testimony reported by the special master, which resulted in a decree being rendered against the defendants in favor of the complainants in accordance with the prayers of their bill. From this decree the defendants have entered their appeal.

The first assignment is based upon the overruling of Cameron's demurrer to the bill. We do not set forth the grounds of the demurrer, as the sole contention made here by the appellants is that the appellees could not maintain their bill against the appellants both for the cancellation of the tax deeds and the other deeds and the enjoining of the cutting of the timber on the lands. We are of the opinion that this contention is not well founded. The complainants clearly set forth their title to the lands, allege that the same are wild and unimproved, that "neither of the said defendants have possession of the

said lands or any part thereof," that such lands are valuable chiefly on account of the pine timber growing thereon, that the defendants claim the title to such lands by virtue of certain tax deeds and other deeds based upon such tax deeds, all of which deeds are void and insufficient to vest any right, title or interest to the lands in the defendants, in consequence of certain errors, irregularities and informalities therein and for other reasons, all of which are specified and distinctly set forth. See Section 1950 of the General Statutes of Florida, which will also be found copied in Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 South. Rep. 938, to which opinion we also especially refer, as also Law v Taylor, 63 Fla. 487, 58 South. Rep. 844, and Gasque v. Ball, 65 Fla. 383, 62 South. Rep. 215. In the last cited case we distinctly held that a court of equity had jurisdiction of a suit to quiet title or to remove a cloud from title independent of any statute. It necessarily follows that, having acquired jurisdiction for that purpose, the court would have authority to issue a restraining order and to give such injunctive relief as might be shown to be proper and necessary. To the same effect is the reasoning in McMillan v. Wiley, 45 Fla. 487, 33 South. Rep. 993, which is cited and relied upon by the appellants . Also see Section 1919 of the General Statutes of Florida.

The third assignment is expressly abandoned and the remaining grounds are argued together by the appellants, who state in their brief that they resolve them into "one general assignment" to the effect that "The court erred in holding the tax deeds under which the defendants held title void, and rendering a decree for the complainants." A careful examination of all the evidence adduced shows

that no proof was offered as to any of the alleged defects in the tax deeds, except to the effect that the notice of the tax sale at which the lands in question were sold, was not published for a period of 35 days before the sale day. It is sufficient to say that publication for such period of 35 days was not required by the statute then in force. An exhibit introduced by the complainants show that such notice was published once a week for five consecutive weeks, beginning with the issue of August 7, A. D. 1908, and ending with the issue of September 4, A. D. 1908, and that the other dates of publication were August 14, A. D. 1908, August 21, A. D. 1908, and August 28, A. D. 1908."

Such publication meets the statutory requirements, as we held in Townsent v. Brown, 69 Fla. 155, 67 South. Rep. 869.

We have not overlooked the fact that the complainants sought to prove by A. L. Durrance, the Clerk of the Circuit Court for DeSoto County, that "the newspaper advertisement of delinquent taxes, lands for sale, for non-payment of taxes of 1907," had not been recorded as required by Section 58 of Chapter 5596 of the Laws of Florida, Acts of 1907, page 31, but such witness did not go that far in his testimony. He simply testified that by virtue of his office he was the custodian "of the records and reports of tax sales and of papers in which tax sales advertisements appear;" that there was an official record book in which such reports were recorded; that he had examined such book and did not find therein the report of the tax sale for the taxes of 1907, but that he would not swear that there was no such record in his office, only that "it was not in the record book where it should be

among the records." We also find that the complainants introduced in evidence a paper, marked "Complainants' Exhibit D," which purports to contain a list of lands sold for taxes in the county of DeSoto on the 7th day September, 1908, for the taxes of 1907, which contains a description of the lands in question, a certificate of the Tax Collector and the affidavit of the publisher of the paper and the following certificate:

"State of Florida,
    County of DeSoto.

I, H. E. Carlton, Clerk of the Circuit Court, in and for the County of DeSoto, State of Florida, do hereby certify that the foregoing list, or report of lands sold for taxes at Arcadia, Florida, on the 7th day of September, A. D. 1908, by W. C. Langford, Tax Collector, was duly recorded in Record Book 1899, on the 10th day of November, 1908, as required by Section 55, of Chapter 4322, Laws of Florida.

And I further certify that a copy of said issue of the newspaper containing the notice of tax sale aforesaid, together with the affidavit of the publisher as required by Section 50, of Chap. 4322, of the laws of Florida, have been duly filed in my office.

H. E. CARLTON,
(SEAL)"      Clerk Circuit Court, DeSoto County.

This evidence introduced by the complainants themselves would seem to establish that such report was recorded in compliance with Section 50 of Chapter 4322 of the Laws of Florida, Acts of 1895, page 31. Why the Clerk should have referred in his certificate to this section and Chapter, instead of to Section 58 of Chapter

5596, Laws of 1907, we do not know; on this point the two statutes are identical.

We are of the opinion that the evidence adduced fails to establish the invalidity of the tax deeds, therefore the decree was not warranted and must be reversed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and EL-LIS, JJ., concur.