J. E. WATSON, E. A. PARRAMORE, MORTON JONES, *et al.,* v. BEACON OPERATING CO.

154 So. 866.
Division B.
Opinion Filed May 14, 1934.

*Dickinson & Dickinson,* for Plaintiffs in Error;
*George B. Carter,* for Defendant in Error.

BUFORD, J.—The writ of error is to a judgment in favor of the defendant in error in an ejectment suit.

The plaintiff based its claim of title on two tax deeds. The record shows that the deeds were issued on tax sale certificates and that a notice of the tax sale pursuant to which the certificates were issued was published in four consecutive issues of a weekly newspaper, the first being on June 12th and the last on July 3rd, and that sale was made pursuant to such notice on July 7th, 1930.

The plaintiffs in error in their brief have submitted a single question to be determined by this Court, as follows:

"In an ejectment suit is a tax deed valid for the purpose of establishing title in plaintiff when based on a tax sale held July 7, 1930, for the sale of taxes for 1929, the notice of which tax sale was published beginning the 12th of June, 1930, and the last publication July 3, 1930, the sale being held on the 7th of July, 1930?"

Section 50 of Chapter 4322, Acts of 1895, was as follows:

"If the taxes upon any real estate shall not be paid before the first day of April of any year, the collector shall advertise and sell in the manner following: He shall make out a statement of all such real estate, specifying the amount due on each parcel, together with the cost of advertising and expense of sale, in the same order in which the land was assessed, and such list shall be published once each week for four consecutive weeks in some newspaper published in the county, if there be a newspaper."

Section 10 of Chapter 4515, Acts of 1897, amended Section 50 of Chapter 4322, *supra,* as follows:

"If the taxes upon any real estate shall not be paid before the first day of April of any year, the Collector shall advertise and sell in the manner following: He shall make out a statement of all such real estate specifying the amount due on each parcel, together with the cost of advertising and expense of sale, in the same order in which the land was assessed, and such list shall be published once each week in five consecutive weeks in some newspaper published in the county, if there be a newspaper, said newspaper to be selected by the Board of County Commissioners."

The Legislature of 1907 enacted Chapter 5596 which covered the entire subject matter covered by Chapter 4322, *supra.*

In Section 50 of Chapter 5596, *supra,* it was provided:

"If the taxes upon any real estate shall not be paid before the first day of April of any year, the Tax Collector shall advertise and sell in the manner following: He shall make out a statement of all such real estate, specifying the amount due on each parcel, together with the cost of advertising and expense of sale, in the same order in which the land was assessed, and such list shall be published once each week for five consecutive weeks in some newspaper published in the county, if there be a newspaper, said newspaper to be selected by the Board of County Commissioners at their first regular meeting in February of each year, and the newspaper so selected shall have been continuously published in the county for a period of not less than one year prior to its selection."

The Legislature of 1921 enacted Chapter 8570. That Act amended Section 756, Revised General Statutes, which was the amended Section 50 contained in Chapter 5596, *supra,* and here the language used in this regard was identical with that used in the Act of 1895, *supra.* Such was

the statutory provision controlling when the tax sale here under consideration was made.

In Myakka Company v. Edwards, 68 Fla. 372, 67 Sou. 217, this Court construed the language contained in Chapter 4129, Acts of 1893, providing for service of non-resident defendants and others in chancery cases by publication where the statute provided for the publication to be "once each week for four consecutive weeks." There it was held:

"Under Chapter 4129, Acts of 1893, authorizing constructive service by publication of initial process to acquire jurisdiction of a non-resident defendant in a chancery case, where the first publication is less than four weeks or twenty-eight days prior to the appearance day fixed in the order of publication, the requirement that such publication shall be 'once each week, for four consecutive weeks,' is not complied with, and jurisdiction of the person is not acquired."

Plaintiff in error relies upon this decision, and others of like tenor and effect, for a reversal.

In Townsend v. Brown, 69 Fla. 155, 67 Sou. 869, in which case opinion was rendered February 16, 1915, this Court construed the provision contained in Chapter 5596, Acts of 1907, and there it was said:

"The provision of Chapter 5596, Acts of 1907, that notice of tax sales shall be published 'once each week for five consecutive weeks,' does not in view of the terms, purpose and policy of the statute and the practical conditions to be met, require a publication covering a period of thirty-five days before the sale day. This statute requires a construction different from Chapter 4129, Acts of 1893, construed in Myakka v. Edwards, decided at this term (68 Fla. 372-382)."

And in Cameron, et al., v. Rogers, et al., 70 Fla. 300, 70 Sou. 389, we held:

"The provision of Section 50 of Chapter 5596 of the Laws of Florida, Acts of 1907, that notice of tax sales shall be published 'once each week for five consecutive weeks' does not, in view of the terms, purpose and policy of the statute and the practical conditions to be met, require a publication covering a period of 35 days before the sale day."

So, the Legislature had before it the construction by this Court of the Act of 1907 when it enacted Chapter 8570, Acts of 1921, and it appears that the Legislature there deliberately substituted the word "four" for the word "five" with the intention that the notice of tax sale should be one week shorter than had been required by the previous statute. If the requirement that the tax sale notice be published once each week for five consecutive weeks does not mean that the notice should be published for a period of not less than thirty-five days before the sale, then the provision that the notice should be published once each week for four consecutive weeks certainly does not mean that it should be published at least twenty-eight days prior to the date of sale.

It is well settled that where notice of tax sales are required to be published, a statutory provision as to such publications must be complied with, but it is competent for the Legislature to determine how and for what period of time the notices should be published in a newspaper, or the Legislature, if it deemed it wise to do so, could eliminate the necessity of any newspaper publication of notice of tax sales.

And so it is, that when the Legislature has amended a provision which the highest Court in the State had held to mean only required publication once a week in five consecutive weekly issues of the paper by providing for only four publications instead of five we must hold that the stat-

ute is complied with when the notice has been published once· each week in four consecutive weekly issues of such newspaper and the four publications have appeared prior to the date of sale, although twenty-eight days did not elapse between the first publication and the date of sale.

It, therefore, follows that the question presented must be answered in the affirmative and the judgment affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.