THE OZARK CORPORATION v. W. A. PATTISHALL, as Administrator C. T. A. of the Estate of Mary O. Beeman; and ALVAH BACORN.

185 So. 333.
Division B.
Opinion Filed December 19, 1938.
Rehearing Denied January 13, 1939.

*Akerman & Dial,* for Plaintiff in Error;

*W. A. Pattishall,* for Defendant in Error.

BROWN, J.—This suit was one in ejectment prosecuted by the holder of a tax deed. The defendants filed a plea of not guilty and subsequently filed a motion setting up objections to plaintiff's tax deed, one ground of which was. that the notice of application for said tax deed was not published in the manner required by Section 2, Chapter 17457, which is Sec. 999 (137), C. G. L., Perm. Supp., 1936, and that the notice of application ran for approximately twenty-five days only. The suit was heard upon an agreed statement of facts and objections to plaintiff's title. The lower court held the tax deed void, and plaintiff appealed, presenting one question:

"Does a notice of application for a tax deed and sale of property appearing in four issues of a newspaper of general circulation in the county where the land is located, each appearance being one week apart, sufficiently comply with Section 2, Chapter 17457, Laws of Florida, Acts of 1935,

although twenty-eight (28) days do not elapse between the first publication and the day of sale?"

A review of the Florida statutes on the subject will show that we have always recognized the distinction between publication of *notice of a tax sale* and publication of *notice of application for tax deed*. (As to notice of tax sale see Sec. 50, Ch. 4322, Acts of 1895; Sec. 10, Ch. 4515, Acts of 1897; Sec. 50, Ch. 5596, Acts of 1907; Sec. 1, Ch. 8570, Acts of 1921; Sec. 756, R. G. S. of 1920; Sec. 969, C. G. L. of 1927. As to notice of application for tax deed see Sec. 61, Ch. 4322, Acts of 1895; Sec. 2, Ch. 4662, Acts of 1899; Sec. 8, Ch. 4888, Acts of 1901; Sec. 776, R. G. S. of 1920; Sec. 1000, C. G. L. of 1927). These statutes have culminated in Sec. 969, C. G. L., Perm. Supp., 1936 (Sec. 3, Ch. 14572, Acts of 1929, Extra. Sess.), relating to publication of notice of tax sale, which provides in part:

"If the taxes upon any real estate shall not be paid before the first day of April of any year, the tax collector shall advertise and sell in the manner following: He shall make out a statement of all such real estate, specifying the amount due on each parcel, together with the cost of advertising and expense of sale in the same order in which the land was assessed, and such list shall be published once each week for four consecutive weeks in some newspaper published in the county if there be a newspaper.***" — and Sec. 999 (137), C. G. L., Perm. Supp., 1936 (Sec. 2, Ch. 17457, Acts of 1935), relating to publication of notice of application for tax deed, which provides in part:

"After the proper fees have been paid, the clerk shall cause a notice in substantially the following form to be published once each week for four successive weeks (four publications each one week apart) in some newspaper of general circulation published in the county where the land is

located, or if there be no newspaper published in such county, then such notice may be posted the same length of time at the court house door and in two other public places in the county."

A failure to comply strictly with those provisions of tax laws which are intended for the guidance of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the right of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would affect his rights, they cannot be disregarded and a failure to comply with them will render the proceeding invalid. Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 So. 938; Townsend v. Brown, 69 Fla. 155, 67 So. 869; McLeod v. Williams, 73 Fla. 383, 74 So. 408; Orlando v. Equitable Building and Loan Association, 45 Fla. 507, 33 So. 986; Stark v. Sawyer, 56 Fla. 596, 47 So. 513.

In Townsend v. Brown, *supra,* and Cameron v. Rogers, 70 Fla. 300, 70 So. 389, this Court in construing Sec. 50, Ch. 5596, Acts of 1907, which provided that notice of *tax sale* should be published "once each week for five (5) consecutive weeks," held that this phrase does not, in view of the terms, purpose and policy of the statute and the practical conditions to be met, require a publication covering a period of thirty-five d\ys.

Under the same reasoning this Court in Watson v. Beacon Operating Co., 114 Fla. 773, 154 So. 866, in construing Ch. 8570, Acts of 1921, which amended Sec. 50, Ch. 5596, Acts of 1907, and which section required notice of *tax sale* to be published "once each week for four (4) con-

secutive weeks," held that four publications are sufficient, although twenty-eight days do not expire between the first publication and the date of sale.

In Clark-Ray-Johnson Co. v. Williford, *supra,* a tax deed was issued under Sec. 8, Ch. 4888, Acts of 1902, which provided that no tax deed shall issue until the clerk has given at least thirty days previous notice of the application for a deed and has mailed a copy of such application to the owner. The first publication was made on October 5, 1901, and the deed was issued on November 2, 1901. Also, no notice of the application for tax deed was received by the owner of the land. The Court held that the notice of application for the tax deed was not in substantial compliance with the statute and the tax deed was therefore void.

It has been repeatedly held in this state that, where the clerk of the circuit court does not give notice of application for tax deed in substantial compliance with the statute, the deed is void. Johnson v. DuPont, 63 Fla. 200, 57 So. 670; McLeod v. Williams, 73 Fla. 338, 74 So. 408; Tax Securities Corporation v. Borland, 103 Fla. 63, 137 So. 151; Saunders v. Collins, 62 Fla. 273, 57 So. 342.

The statutory requirements that notice to the owner of the land of application of the tax certificate holder for a tax deed therein shall be given in a stated manner, are intended for the protection of the property rights of the owner of the land. Such requirements are mandatory, and a failure of the officer to substantially comply therewith will render the deed void, since the authority to issue the deed must be exercised in the manner definitely prescribed. An applicant for a tax deed who takes it when the authority to execute it has not been exercised as required by mandatory provisions of law, does so at his peril. Clark-Ray-Johnson Co. v. Williford, *supra;* Tax Securities Corporation v. Borland *supra.*

The jurisdictional notice to the taxpayer that his land is about to be taken from him for his tax delinquency is, under the present tax system we have in this state, that which is required to be given by publication as a condition precedent to the issuance of a tax deed by the clerk of the circuit court. (See Sec. 999 (137), C. G. L., Perm. Supp., 1936). Notice of the tax sale itself is simply a statutory regulation of the subject. (See Sec. 969, C. G. L., Perm. Supp., 1936.) It is designed more to produce buyers at the sale for the benefit of the state's revenues than it is to protect any right of the delinquent taxpayer, since the delinquent taxpayer can lose nothing of a final or conclusive nature through the mere issuance of a tax sale certificate on his land. This is so, because the tax sale certificate after issuance must be held for at least two years, during which time the taxpayer has open to him all the processes of the courts by which to challenge its validity, if invalid, as well as the opportunity to redeem his land from it, if valid. State, *ex rel.* Ranger Realty Co. v. Lummus, 111 Fla. 746, 149 So. 650.

The Court is therefore of the opinion that Sec. 999 (137) C. G. L., Perm. Supp., 1936 (Sec. 2, Ch. 17457, Acts of 1935), is intended for the protection of the citizen; that it is jurisdictional; and that a disregard of its terms will render the tax deed void.

Sections 2 and 6 of Chapter 17457, Acts of 1935 (Sections 999 [137] and 999 [141], C. G. L., Perm. Supp., 1936) read as follows:

"Section 2. After the proper fees have been paid, the Clerk shall cause a notice in substantially the following form to be published once each week for four successive weeks (four publications each one week apart) in some newspaper of general circulation published in the county

where the land is located; or if there be no newspaper published in such county, then such notice may be posted the same length of time at the Courthouse door and in two other public places in the county." (Form of notice is omitted.)

"Section 6. It shall not be necessary that application for deed be made by a certificate holder at any particular time of the month, or that notice provided in Section 2 of this Act be published at any particular time with reference, to the day of sale, so long as the day of sale shall be fixed not more than thirty days after the last publication of such notice."

Plaintiff contends that in order to get in twenty-eight days between the first publication and the sale day, the publication must be commenced *by* a particular time and that this is in conflict with the provision of Section 6, *supra,* that it need not be published *at* any particular time. This provision of Section 6, interpreted with Section 2, means that application may be made at any time and publication may be made at any time with reference to the day of sale, that is, it makes no difference when a person applies or what day of the week or month notice shall commence to run, so long as it shall be "published once each week for four successive weeks" and "so long as the day of sale shall be fixed not more than thirty days after the last publication of such notice."

Before the 1935 law, there was no time limit in which the deed had to be issued after notice was published. There was, of course, no public sale on a specified day of the month as under the 1935 law, and deed might issue any time of the month. It was, no doubt, the purpose of this portion of Section 6 simply to fix a limit of time between the last publication and the day of sale where previously there had been no such limit fixed.

It is admitted that the language "once each week for four successive weeks," as used in this statute, means that there shall be twenty-eight days between the first publication and the sale day. Myakka Co. v. Edwards, 68 Fla. 372, 67 So. 217. The only other question to be determined is whether the words in brackets, "four publications each one week apart," change the meaning of the previous words. The latter phrase indicates merely the number of weekly publications, and a sale under a statute containing only the latter phrase could be made at any time after the completion of the publications. See Harris v. Hanson, 80 Neb. 724, 115 N. W. 294.

In construing a statute effect must be given to every part, if it be reasonably possible to do so. Each part or section should be construed in connection with every other part, or section so as to produce a harmonious whole. A mere literal construction of a part of a statute ought not to prevail if it is opposed to the intention of the Legislature apparent by the statute, and, if the words are sufficiently flexible to admit of some other construction, it is to be adopted to effectuate that intention. Axtell v. Smedley & Rogers Hardware Co., 59 Fla. 430, 52 So. 701.

The notice may be published once each week throughout four consecutive weeks, the first publication at least twenty-eight days prior to the sale day, each publication exactly one week apart and the last publication not more than thirty days from the sale day, and the notice would be published four times. So construed, every provision of the statute is given full effect and there is no conflict whatever between them. This Court is of the opinion that this is the correct construction.

The judgment appealed from is affirmed.

WHITFIELD, P. J., .and CHAPMAN, J., concur.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur in the opinion and judgment.