R. Stephen Miles, Jr. City Attorney St. Cloud
QUESTION:
When a municipality adopts a comprehensive plan pursuant to the Local Government Comprehensive Planning Act of 1975, as amended, which contains land-use elements inconsistent with existing municipal zoning ordinances, may the municipality issue a building permit for construction permissible under the existing zoning ordinance but which is not in accordance with the land-use elements of the comprehensive plan?
SUMMARY:
All development, including construction and building permits therefor, undertaken within a municipality subsequent to adoption of its comprehensive plan pursuant to the Local Government Comprehensive Planning Act must be in accordance with that plan. Further, a municipality should move expeditiously to amend its existing zoning ordinances to conform with the land-use elements of such adopted comprehensive plan.
The answer to your question is that all building permits for construction issued after the adoption of the comprehensive plan must be in accordance with the land-use elements of that plan regardless of the municipal zoning ordinances in effect at the time of such adoption.
The Local Government Comprehensive Planning Act of 1975, as amended, ss. 163.3161-163.3211, F. S., is a general act which requires municipalities and certain other units of local government to prepare and adopt comprehensive plans to guide future development. The primary consideration for construing a statute is the legislative intent expressed in the statute which must be determined and effectuated, if possible. See Lewis v. Mosley, 204 So.2d 197 (Fla. 1967); Armstrong v. City of Edgewater,157 So.2d 422 (Fla. 1963); and Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958). Consistent with this primary consideration is the rule of statutory construction that the legislative intent is to be gleaned from the entire enactment and that all sections should be construed in connection with all other sections of the act to produce a harmonious whole. See
Wilensky v. Fields, 267 So.2d 1 (Fla. 1972); Forehand v. Manly,2 So.2d 864 (Fla. 1941); and Ozark Corp. v. Pattishall, 185 So. 333
(Fla. 1938).
Section 163.3167, F. S., which provides the powers and responsibilities municipalities and other units of local government shall have under the Local Government Comprehensive Planning Act, requires, in subsection (2), that `[o]n or before July 1, 1979 . . . each municipality in this state shall prepare and adopt a comprehensive plan of the type and in the manner set out in this act.' Section 163.3161(5), F. S., provides:
 It is the intent of this act that adopted comprehensive plans shall have the legal status set out in this act and that no public or private development shall be permitted except in conformity with comprehensive plans, or elements or portions thereof, prepared and adopted in conformity with this act.
Section 163.3164, F. S., providing definitions for the Comprehensive Planning Act, states that `[d]evelopment' shall have the meaning given it in s. 380.4(1), F. S., in which it in defined as `the carrying out of any building or mining operation or the making of any material change in the use or appearance of any structure or land . . . .' Section 163.3164(19) states that `structure' shall have the meaning given it by s. 380.031(17), which is `anything constructed, installed, or portable, the use of which requires a location on a parcel of land . . . .' `Development order' is defined in s. 163.3164(5) to mean `any order granting, denying, or granting with conditions an application for a development permit.' And, in subsection (6), `[d]evelopment permit' is defined to include `any building permit, zoning permit, subdivision approval, rezoning, certification, special exception, variance, or any other official action of local government having the effect of permitting the development of land.' It is quite clear from these definitions that the coverage of the Local Government Comprehensive Planning Act includes the issuance of building permits for construction and any construction undertaken within the jurisdictional boundaries of the municipality.
Section 163.3194, F. S., which establishes the legal status of the comprehensive plan, provides, in subsection (1):
 After a comprehensive plan or element or portion thereof has been adopted in conformity with this act, all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted. All land development regulations enacted or amended shall be consistent with the adopted comprehensive plan or element or portion thereof. (Emphasis supplied.)
Land development regulations include any local government zoning, subdivision, building and construction, or other regulations controlling the development of land. See s. 163.3194(2)(b), F. S. This language clearly provides the legislative intent that all development, including construction and building permits therefor, within a municipality, undertaken subsequent to the adoption of the comprehensive plan, must be in accordance with the land-use elements of that plan. To interpret this act otherwise would be to fly in the face of clearly expressed legislative intent and would undermine one of the primary objectives of the act which is `to protect human, environmental, social, and economic resources; and to maintain, through orderly growth and development, the character and stability of present and future land use and development in this state.' Section 163.3161(7), F. S. Further, s. 163.3197, F. S., makes it clear that any comprehensive plan or element or portion thereof adopted before the effective date is to remain in force and effect only until a new comprehensive plan is adopted as required by the Comprehensive Planning Act. You state in your inquiry that a corollary to your question is whether, upon the adoption of a comprehensive plan pursuant to the Local Government Comprehensive Planning Act, a municipality is required to immediately amend its existing zoning ordinances to conform to the land-use elements of the newly adopted comprehensive plan. While the act does not provide a timetable for the adoption of conforming zoning ordinances, s. 163.3201, F. S., provides:
 It is the intent of this act that adopted comprehensive plans or elements thereof shall be implemented, in part, by the adoption and enforcement of appropriate local regulations on the development of lands and waters within an area. It is the intent of this act that the adoption and enforcement by a governing body of regulations for the development of land or the adoption and enforcement by a governing body of a land development code, as defined in paragraph 163.3194(2)(b), for an area shall be based on, related to, and a means of implementation for an adopted comprehensive plan as required by this act.
Paragraph (2)(b) of s. 163.3194, F. S., defines `regulations for the development of land' to `include any local government zoning, subdivision, building and construction, or other regulations controlling the development of land.' The same paragraph goes on to provide that the `various types of local government regulations or lawd dealing with the development of land within a jurisdiction may be combined in their totality in a single document known as the `land development code' of the jurisdiction.' Section163.3201, F. S., which not using the phrase `immediately amend,' implies an intent that an affected unit of local government should move in an expeditious manner, consistent with reasonable legislative procedure, to conform its existing zoning ordinances and all other `land development regulation' with its adopted comprehensive plan.
In conclusion, all development, including construction and building permits therefor, undertaken within a municipality subsequent to adoption of its comprehensive plan pursuant to the Local Government Comprehensive Planning Act must be in accordance with the plan. Further, municipality should move expeditiously to amend its existing zoning ordinances to conform with the land-use elements of such adopted comprehensive plan.
Prepared by:
Craig B. Willis Assistant Attorney General