MCDONALD, PARKER LEE, Associate Judge.
Appellant seeks a review of a summary judgment in which the trial judge cancelled a tax deed she had received from the Clerk of Court in Putnam County. This judgment followed a complaint filed-by Appellee Triangle Refiners, Inc. in which the Department of Revenue, State of Florida, intervened. These appellees contend that they were lienholders and therefore the Clerk must notify them by mail that an application for tax deed had been made. Section 197.256, Florida Statutes (1975).
Triangle claims to be a lienholder by virtue of a judgment secured against one Glis-son Oil Company. The judgment was recorded on September 17,1973. The Department of Revenue recorded a warrant for unpaid taxes against General Oil Company on January 15, 1973.
There is no issue that neither Triangle nor the Department of Revenue were mailed a notice of the application for the tax deed. Neither is it claimed that either of these parties or lienholders made application to the Clerk for notice.
Since the rights of citizens are involved, our courts have stated that notice requirements must be strictly complied with to the owners. Montgomery v. Gibson, 69 So.2d 305 (Fla.1954); Ozark Corp. v. Pattishall, 135 Fla. 610, 185 So. 333 (1938); Alper v. LaFrancis, 155 So.2d 405 (Fla.2d DCA 1963). It is less clear that this is true to lienholders whose interest is not clearly visible. Insofar as we can find from the record, neither of these parties furnished anyone with a description of land in which they claim a lien. Triangle’s lien exists by virtue of recording a judgment; Section 55.10, Florida Statutes (1973). The Department’s lien exists by virtue of recording a warrant. It would be an unreasonable interpretation of Section 197.256, Florida Statutes (1975) to hold that under the circumstances these parties are lienholders of record of the property that would vitiate a tax deed because they were not mailed notice.
Another problem exists. There is no valid evidence in the record to support the allegation that Triangle’s judgment debtor owned the land in question at, or any time subsequent, to the recording of the judgment. There is at least an issue of fact on that. Likewise, there is an issue of fact of whether the Department of Revenue’s debt- or owned the land at the critical times, and whether or not the Department had conveyed any interest it may have had.
The summary judgment is reversed and this cause remanded for . further proceedings.
DAUKSCH, C. J., and CROSS, J., concur.