D. R. SAUNDERS *et al., Plaintiffs in Error,* v. S. G. COLLINS, *Defendant in Error.*

Where the mandatory statutory requirement as to the publication of the notice of an application for a tax deed has not been complied with, the deed is void, and the failure to make the statutory publication may be shown after the deed is admitted in evidence.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Santa Rosa County.

18—Vol. 62

The facts in the case are stated in the opinion of the court.

*Blount* & *Blount* & *Carter,* for Plaintiffs in Error;

*J. W. Kehoe,* for Defendant in Error.

PER CURIAM—This writ of error was taken to a judgment awarding damages for trespass upon real property alleged to belong to S. G. Collins. The right of Collins to maintain the action is based upon a tax deed issued March 8th, 1904. The deed was issued upon a tax sale certificate of December 1901.

Section 8 of Chapter 4888, which became effective September 1st, 1901, now Section 574, of the General Statutes of 1906, provides that "No tax deeds for lands sold for taxes shall issue until the Clerk of the Circuit Court shall have given at least thirty days previous notice of the application for a deed by publishing the same once a week in some newspaper in the County" &c. The proof shows that the publication began February 12th, 1904, and the deed was issued March 8th, 1904. The mandatory provision as to publication being intended for the benefit of the land owner and not being complied with, the tax deed is void. See Clark Ray Co. v. Williford decided this term.

The introduction of the deed was not objected to on this ground, but such objection would have been unavailing since the tax deed is by the statute made *prima facie* evidence of the regularity of the proceedings. Saunders v. Collins 56 Fla. 534, 47 South. Rep. 958.

The tax deed was properly admitted in evidence over the objections made to its introduction, but this did not debar the defendants of the right to over come the *prima*

*facie* effect of the tax deed by showing its invalidity by proper evidence as was done when it was made to appear without objection that the publication of the notice of the application for the tax deed was not made for thirty days as required by the mandatory provisions of the statute.

The judgment is reversed.

WHITFIELD, C. J. and TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.