JAMES E. JOHNSON, *Plaintiff in Error*, v. ADA DUPONT, *Defendant in Error*.

1. Where a plaintiff in ejectment shows title and right of possession, and no title or right is shown on which the jury could lawfully find for the defendant, an affirmative charge for the plaintiff is proper.

2. The provision of the statute that "where any purchaser of any real estate, situated in this State prior to the passage of this act, has not entered into and taken actual possession of the same, he shall, within one year from the passage of this act, bring suit for the recovery of actual possession of the real estate described in such tax title, and in default thereof, said tax title shall become void and of no effect" cannot lawfully divest a title or put a material burden upon the title already vested in a purchaser of a tax deed under the law before the enactment of the quoted provision.

3. The provision of the statute that the purchaser of a tax sale certificate "shall purchase all the certificates held by the States," relates to the purchase of certificates from the State and not to the issue of a tax deed on a certificate issued at the sale to an individual.

4. Even where a tax deed is subject to an outstanding tax certificate, if the latter is void, the tax deed is not affected by a deed subsequently issued on the void certificate.

5. Where the notice of an application for a tax deed required by the statute is not given the deed is ineffectual as title.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Young & Adams* and *F. T. Meyers,* for Plaintiff in Error;

*Cockrell & Cockrell* and *Geo. Couper Gibbs,* for Defendant in Error.

WHITFIELD, C. J.—Ada Dupont recovered certain land in an action of ejectment and the defendant J. E. Johnson took writ of error. The court refused to direct a verdict for the defendant and directed a verdict for the plaintiff.

Section 1496 of the General Statutes provides that "If ——————————— upon the conclusion of the argument of counsel in any civil case, after all the evidence shall have been submitted, it be apparent to the judge of the circuit court, or county court, that no evidence has been submitted upon which the jury could lawfully find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party."

If the plaintiff showed title to the land which gave him a right to the possession and the defendant showed no title or right on which the jury could lawfully find for the defendant, the giving of the affirmative charge for the plaintiff was proper under the statute.

A tax deed dated September 7th, 1889, based upon tax certificate issued in 1888 to an individual was offered by the plaintiff as the basis of her title, and was admitted in evidence over the defendant's objection that no proof of possession under the deed was shown. It is contended that proof of possession was necessary because the revenue law of 1893 contains a provision that "where any purchaser of any real estate, situated in this State prior to the passage of this act, has not entered into and taken actual possession of the same, he shall, within one year from the passage of this act, bring suit for the recovery of actual possession of the real estate described in such tax title, and in default thereof, said tax title shall become void and of no effect." Whatever may be the legal meaning and effect of this provision it cannot divest a title or put a material additional burden upon a title already vested in a purchaser of a tax deed under the law before the enactment of the above quoted provision. See Hull v. State, 29 Fla. 79, 11 South. Rep. 97, 30 Am. St. Rep. 945, 16 L. R. A. 308; Starks v. Sawyer, 56 Fla. 596, 47 South. Rep. 513.

When the statute of 1893 was enacted the title of the plaintiff under her tax deed was not subject to the burden of a suit for the recovery of actual possession of land described in the tax deed, if the land was not in the adverse possession of another, and the statute can not impose this burden or as an alternative render the vested title "void and of no effect." While the legislature may, subject to constitutional provisions, prescribe a reasonable limitation within which existing rights of action may be enforced in the courts, it cannot under the constitution impair or unlawfully burden title to property already vested in individuals.

It was not necessary to show possession under the tax

deed before it could be introduced in evidence, as it was executed in the name of the State and the subsequent quoted statute did not make the deed void, if it was valid when it was issued. The provision in the act of 1887 requiring that the purchaser of a tax sale certificate "shall purchase all the certificates held by the State," relates to the purchase of the certificates from the State and not to the issue of a tax deed on a certificate issued at the sale to an individual. There was no provision that a tax certificate purchased from the State and tax deed issued thereon would be affected by the failure to purchase all the certificates held by the State. The plaintiff's tax deed dated September 7, 1889, is a conveyance of the land by the State subsequent to the date of the certificate issued to the State in 1880 and transferred to the defendant on which his deed was issued in 1911. The statute did not then as now require the tax deed to be made subject to unpaid taxes, and even if plaintiff's tax deed was subject to the tax certificate on which defendant's tax deed was issued, if the latter is void, the plaintiff's title under her tax deed is not affected by the defendant's tax deed.

The tax deed offered by the defendant bearing date May 1st, 1911, based upon a tax certificate issued in 1880 to the State and by it sold to an individual presumably in 1911, was admitted in evidence without objection, but as there was evidence that the notice required by Section 575 General Statutes to be given of the application for the tax deed was not received by the owner of the land or by the person "last paying taxes on said property," the prima facie effect of the tax deed and its statutory recitations were destroyed and as the giving of the notice as required by the statute was not shown by the party offering the deed, it is ineffectual as title. See Clark-Ray Co.

v. Williford, and Saunders v. Collins, decided at the last term. Besides this the assessment on which this deed is·based is apparently fatally defective since it appears not to have been made in the name of the owner or occupant or as unknown as required by the statute then in force.

A quit claim deed purporting to be from the heirs of the original owner of the land was introduced in evidence by the defendant, but it showed no title in the defendant as against the tax deed of the plaintiff.

The defendant showed no title by adverse possession and the court did not err in directing a verdict for the plaintiff. Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, JJ, concur.