TAX SECURITIES CORPORATION, a corporation existing under the laws of the State of Florida, *Plaintiff in Error* vs. PEGGIE BORLAND, joined by her husband and next friend, THOMAS J. BORLAND, WALTER B. McVICKERS, K. W. SCHWARTZ and J. C. ALEXANDER, *Defendants in Error.*

137 So. 151.

Division A.

Opinion filed October 14, 1931.

*Nottingham & Denison*, for Plaintiff in Error.

*Alto Adams*, for Defendants in Error.

BUFORD, C.J.—This suit was one in ejectment prosecuted by the holder of a tax deed. The declaration was in the conventional form of declaration in ejectment and the defendants filed plea of not guilty.

The case came on for trial and plaintiff, Tax Securities Corporation, after showing possession by the defendant of the property involved and the damages claimed, proffered in evidence a tax deed to the property issued on July 14th, 1930, and recorded on July 29th, 1930. To the introduction of the deed the defendants objected on the following grounds, to-wit:

"First: Because the tax deed is void, it being based upon tax certificates of 1928 for taxes for 1927, and the property was illegally assessed in 1927, in that it was not assessed in the name of Selma J. Andrews who was the owner and in whose name it was assessed in 1926, and further, because the property was not assessed as 'Unknown' in 1927, but was assessed in the name of John and Johanna Hrubec; Second: The deed

is void because the property in question was not advertised and sold in 1927 by the collector of taxes in a newspaper designated or selected by the Board of County Commissioners of St. Lucie County, Florida, at their first regular meeting in February or at any other time in said year; Third: Because the Board of County Commissioners of St. Lucie County, Florida, did not at their first regular meeting in February, or at any subsequent time, designate a newspaper in which to publish the delinquent tax list, there being a newspaper published in said County at that time, which newspaper had been published in St. Lucie County, Florida, for more than one year previous thereto; Fourth: The deed is void, because there was no affidavit made and acknowledged to the account of sale of land in St. Lucie County for taxes for the year 1928 by the editor, publisher or owner of the newspaper publishing the delinquent tax list that he or it had not directly or indirectly paid, or promised to pay, to any tax collector, or any other person any consideration whatsoever or any compensation of any description to have said tax list published in his or its newspaper; *Fifth*: The deed is void, because the tax collector did not file with the Clerk of the Circuit Court within ten days after the sale in 1928 a copy of the newspaper containing the advertisement of the delinquent tax list; (b) Because the Tax Collector sold the property in question for taxes on June 4th 1928, and did not make his return and report to the Clerk of the Circuit Court until the 26th day of June, 1928, which was more than ten days after the sale; *Sixth,* The tax deed is void, because the notice of application for tax deed was not published for a period of thirty days; *Seventh*: The tax deed is void, because the notice of application for tax deed as made out by the Clerk of the Circuit Court was not published in the paper as made out by the Clerk; *Eighth*: The deed is void, because when application was made for the tax deed the Clerk of the Circuit Court did not mail a copy of such notice of application for tax deed to the owner of the property, or other person last paying the taxes; *Ninth*: The deed is void, because the Clerk of the

Circuit Court executed the tax deed before the proof of publication of notice of application for tax deed was filed by the Clerk, because it appears that the tax deed was issued on the 14th day of July, 1930, whereas it appears that the proof of publication was not made until the 28th day of July, 1930, and has never, in fact, been filed to this date.''

The objection was overruled and the deed introduced.

When the plaintiff's testimony was all in the defendants made the following proffer:

''The defendants proffer testimony that the Board of County Commissioners of St. Lucie County, Florida, did not at their first regular meeting in February in 1928, or at any subsequent time, designate a newspaper in said County in which to publish the delinquent tax list for the delinquent State and County taxes in said County for the year 1927; that there was a newspaper being published in said State and County at that time having general circulation, which newspaper had been published continuously for more than a year previous thereto;

Second: The defendants proffer testimony that the editor and publisher, or owner of the newspaper that published the delinquent tax list in 1928, towit, the Fort Pierce News Tribune, did not make and file an affidavit at any time that he had not directly or indirectly promised to pay, or paid, to any tax collector, or any other person, any consideration whatsoever or any compensation of any description to have said tax list published in his or its paper; that the delinquent tax list for 1928 in said State and County was published in the said Fort Pierce News Tribune;

Third: The defendants proffer to prove that the tax collector of St. Lucie County for the year 1928 did not file a copy of the newspaper containing the advertisement of the delinquent tax list;

Fourth: The defendants proffer in evidence a certified copy of the Proof of Publication of the Notice of Application for a tax deed, which is to be marked Defendants' Exhibit No. 1;

Fifth: The defendants proffer in evidence a certified

copy of the notice of application for tax deed as Defendants' Exhibit No. 2.

## PROOF OF PUBLICATION.

STATE OF FLORIDA, }
County of St. Lucie. } SS.

L. W. Halbe, being duly sworn, deposes and says that he is Business Manager of the News Printing Company of Fort Pierce, Publisher of the Fort Pierce News-Tribune, a daily newspaper published in the City of Fort Pierce, St. Lucie County, Florida; that the advertisement, a copy of which is hereto attached, was published in the newspaper aforesaid for five issues, to-wit: on 6-11th, 18th, 25th, and 7-2nd, 9th, 1930; and that the charges therefor amounting to $........ have been paid.

Signed L. W. Halbe<br>
Business Manager.

Subscribed and sworn to before me this 28th day of July, A. D. 1930.

Signed Ada L. Tyre<br>
Notary Public, State of<br>
Florida at Large<br>
My commission expires May 3<br>
1932.

(L. S.)

Defts.
Exhibit No. 1

---

## NOTICE OF APPLICATION FOR TAX DEED.

Notice is hereby given that Tax Securities Corporation, holder of tax certificate No. 1150 dated the 4th day of June, A. D. 1930, has filed said certificate in my office, and has made application for tax deed to issue thereon in accordance with law. Said certificate embrace the following described property situated in St. Lucie County, Florida, to-wit:

Lot 9 Plat of Altadena, S. 3, T. 35, R. 40.

Deft.
Exhibit
#1 Proffered

Evidence this 4 day of
May, 1931. P. C. Eldred
Clerk, By H. B. Lusk, D. C.

The assessment of said property under the said certificate issued was in the name of John and Johanna Hrubec.

Unless said certificate shall be redeemed according to law, tax deed will issue thereon on the 12th day of July, A. D. 1930.

Dated this 11th day of June, A. D. 1930.

P. C. Eldred,<br>
Clerk, Circuit Court,<br>
St. Lucie County, Florida.<br>
By: J. O. Hawkes,<br>
Deputy Clerk.

(Ct. Ct. Seal)                 6-11, 18-25, 7-2, 9,

(ON REVERSE SIDE)

STATE OF FLORIDA
St. Lucie County.

I hereby certify that the foregoing is a true and correct copy of said Proof of Publication as filed in the public records in this office.

Witness my hand and seal of office, this 11th day of Mar. 1931.

P. C. Eldred, Clerk.

(SEAL)                                By H. B. Lush, D. C.

Con. 768.71

NOTICE OF APPLICATION FOR TAX DEED

Notice is hereby given that Tax Securities Corporation, holder of Tax Certificate No. 1150, dated the 4th day of June, A. D. 1928, has filed said certificate in my office, and has made application for tax deed to issue thereon in accordance with law, Said certificate embraces the following described property situated in St. Lucie County, Florida, to-wit: Lot 9 Plat of Altadena, S. 3, T. 35, R. 40.

Defendants

Exhibit # 1

The assessment of said Property under the said certificate issued was in the name of John and Johanna Hrubec.

Unless said certificate shall be redeemed according to law, tax deed will issue thereon on the 14th day of July, A. D. 1930.

Dated this 12th day of June, A. D. 1930.

P. C. Eldred,
Clerk, Circuit Court, St. Lucie County, Florida.
By J. O. Hawkes,
Deputy Clerk.

(CT. CT. SEAL)

Deft.

Exhibit #2

Proffered

in evidence

this 4 day of

May 1931 P. C.

Eldred, Clerk

By H. B. Lush, D. C.

STATE OF FLORIDA,
St. Lucie County.

I hereby certify that the foregoing is a true and correct copy of said Notice as filed in the public records in this office.

Witness my hand and seal of office, this 11 day of March, 1931.

(SEAL)                           P. C. Eldred, Clerk.
By H. B. Lush, D. C.

The defendants further proffer evidence that the property in question was illegally assessed in 1927, in that it was not assessed in the name of Selma J. Andrews, who was the owner and in whose name it was assessed in 1926, and further, because the property was not assessed as unknown in 1927, but was assessed in the name of John and Johanna Hrubec, and further, that no return was made on the property for taxes for 1927;

The defendants further proffer evidence to show that the tax deed is void, because the notice of application for tax deed was not published for a period of thirty days, in that the same was dated on the 12th

of June 1930 and the proof as shown by Exhibit No. 1, proffered, shows that the same was published one day before it was actually executed, and the remaining publications were less than thirty days;

The defendants further proffer testimony that the Clerk of the Circuit Court executed the tax deed before the proof of publication of notice of application for tax deed was filed by the Clerk, in that the deed was executed on the 14th of July, 1930, and the proof of publication of the notice was not made until the 28th of July, 1930, and the defendants further proffer evidence that such proof has never even to this date been filed.

The Court then sustained Plaintiff's objection to the proffered testimony because of section 894 as amended by Section 1 of Chapter 14572 of the Laws of Florida, Acts of 1929, and notes an exception for the defendants.''

Thereupon plaintiff moved for a directed verdict in favor of plaintiff, announcing that it waived any damages for which it might be entitled for rent, or rental value. The motion was granted. The Court instructed the jury to find a verdict for the plaintiff in proper form. Thereafter, and within the proper time, defendants filed motion for new trial on the following grounds:

''1.  The verdict is not sustained by the law or evidence.

2.  The court erred by refusing the defendants' motion for a directed verdict at the close of the plaintiff's case.

3.  The court erred in directing the jury to find a verdict in favor of the plaintiff.

4.  The court erred by refusing to admit the evidence proffered, with the exhibits, from the witness Lush.

5.  It appearing that the court denied the proffered testimony by virtue of chapter 14572 of the Laws of 1929, whereas, said Chapter is null, void and unconstitutional, for that:

(a)  The title of the Act does not briefly express the substance of the Act.

(b) The title of the act does not refer to any validating clause which the Court relies upon in this cause.

(c) The said chapter is null and void because the Legislature attempts to usurp the function of the Court and construe the Act.

(d) The Act is void because it attempts to amend certain sections of the existing law by reference to the Section Number only, and does not re-state the title of the Section attempted to be amended.

6. The said chapter is inapplicable because it appears that the tax certificate in question was in existence prior to the passage of said Chapter.''

Motion for new trial was granted to which order plaintiffs took writ of error.

It will be seen from the foregoing recitals of the proceedings that the defendants based their attack on the validity of the tax deed upon two general propositions. The first was that the assessment was invalid and the second was that the deed was not issued in conformity with the necessary statutory requirements. It is not needful to discuss the validity of the assessment as there appears a fatal defect in the issuance of the tax deed which invalidates it as evidence of *title*, though it may constitute a sufficient basis on which to ground a suit to foreclose a tax lien under the provisions of chapter 14572 Acts of 1929.

The plaintiffs contended that these irregularities and defects were immaterial under the provisions of chapter 14572, Laws of Fla., Acts of 1929. On motion for new trial the Court appears to have reversed its holding as to the validity or applicability of the 1929 Act, supra. It is contended here by the plaintiff in error that the Act is valid and in all respects applicable to the facts presented, while the defendant in error contends, on the grounds set forth in the motion for new trial, that the Act is unconstitutional and, if constitutional, is inapplicable.

In the case of Ridgeway vs. Reese, opinion filed November 20, 1930, reported 131 Sou. 136, this Court upheld

the sufficiency of the title to the Act involved and further held the provisions of the Act there under consideration to be constitutional and valid. See also Rosenhouse vs. Holly, 131 Sou. 389.

In Poekel et al. vs. Dowling, et al., opinion filed March 17, 1931, reported 132 Sou. 836, this Court held that the holder of tax deed could invoke the provisions of chapter 14572, supra, to foreclose the tax lien evidenced by a tax deed.

Section 1 of chapter 14572, supra, must be construed with the other provisions of the Act and when so construed the provisions of this section will apply in those cases where foreclosure of a tax certificate or of a tax deed is resorted to to enforce the lien for taxes and to foreclose adversely interested parties of all claim of title or right of redemption in such property. In such cases the complainant stands upon his lien which he seeks to foreclose by virtue of which foreclosure a title absolute may be acquired and does not stand upon title vested in himself. In such cases the defendant has the benefit of due process and his day in court to redeem.

In ejectment, however, where the complainant stands on a tax deed all the provisions of section 1 and of section 16 of Chapter 14572, supra, may not be applicable.

Before one may be deprived of his right of redemption which exists up until the time of tax deed is issued, and it appears to have been extended by the Act here under consideration until the day of a decree in foreclosure, if foreclosure is resorted to, the provisions of the statute relative to notice of issuance of tax deed are jurisdictional so far as the authority of the Clerk of the Circuit Court to issue such deed is concerned. The statute provides for process by the publication and serving of notice of the application for tax deed by which the owner is foreclosed of his right of redemption. This process may

be substituted by process in foreclosure, if foreclosure is resorted to.

It is contended by the defendant in error, and admitted by the plaintiff in error, that the tax deed in this case was dated July 14th 1930. The Proof of Publication of Notice of Application for tax deed shows that it was run in the issues of the Fort Pierce News-Tribune of June 11, 18, 25 and July 2, 9, 1930. So it is that the tax deed issued subsequent to the adoption of Chapter 14572, supra. It is further admitted that the notice of application filed in the office of the Clerk of the Circuit Court bears the date of June 12, 1930, and recites that the deed will issue on the 14th day of July, 1930, while the notice of application as shown by proof of publication, appears to be dated June 11, 1930, and recites that the tax deed will issue on July 12, 1930, and that the notice ran in the newspaper beginning June 11, through July 9, 1930. Therefore, it appears that the first publication occurred one day before the date of the application. The notice of application fixes one date for the application of deed while the proof of publication shows a different date published.

It will be observed that section 16 of Chapter 14572, supra, only applies to tax sale certificates and deeds held and owned by the State of Florida, or any person, firm or corporation, at the time of the adoption of the Act. Therefore, there was no attempt upon the part of the Legislature to validate a material irregularity appearing in the record of the issuance of a tax deed which should be issued after the date of the Act. It has been repeatedly held in this State that where the Clerk of the Circuit Court does not give the notice of the application for the tax deed in substantial compliance with the statute the deed is void. Sanders vs. Collins, 62 Fla. 273, 57 Sou. 342; Clark-Ray-Johnson Co. vs. Williford, 62 Fla. 453,

56 Sou. 938; Johnson vs. DuPont, 63 Fla. 200, 57 Sou. 670; McLeod vs. Williams, 73 Fla. 338, 74 Sou. 408.

The notice contained in the proof of publication as heretofore stated, is dated the 11th day of June, 1930, while the notice of application for tax deed as filed in the office of the Clerk of the Circuit Court as shown by the record was dated the 12th day of June, 1930. The published notice was to the effect that ''unless said certificate shall be redeemed according to law, tax deed will issue thereon on the 12th day of July, 1930''. While the notice on file in the Clerk's office named July 14th as the date for the issuance of the deed. The notices were not identical. Therefore, it appears that the notice as filed in the office of the Clerk of the Circuit Court was never published.

The statute, section 778 R. G. S., 1002 C. G. L., provides that proof of publication or posting of notice as required in preceding sections, and the costs thereof, shall be filed by the Clerk before any tax deed shall be issued. This is for the purpose of giving constructive notice to interested parties that the deed will issue unless the amount of taxes and costs, with interest thereon, are paid on or before the published date. In this case the record shows that proof of publication was not made by the publisher until the 28th day of July, which was fourteen days after the date of the tax deed.

For the reasons stated it must be held that the issuance of the tax deed in this case did not divest the owner of the right of redemption. Such tax deed might constitute the basis for a suit under the provisions of chapter 14572 to foreclose the tax lien evidenced thereby, but it is insufficient upon which to maintain an action in ejectment.

The judgment of the Circuit Court should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.