OCEAN BEACH IMPROVEMENT COMPANY and EDWARD E. STEVENS v. S. J. JENKINS, *et al.*

194 So. 787
Division A
Opinion Filed March 19, 1940

*Thos. B. Adams* and *Edwards & Edwards,* for Appellants;

*Russell Snow* and *Lloyd Campbell,* for Appellees.

PER CURIAM.—Appellant Ocean Beach Improvement Company was the fee simple owner of the property, subject matter of this litigation, and appellant Edward E. Stevens is the holder of a mortgage on part of it. Jenkins obtained tax certificates on the proprety and brought suit to enforce the lien. Ocean Beach Improvement Company was made a party defendant but Stevens was not.

The bill of complaint to set aside and cancel the tax certificates and master's deed to the property was dismissed, as were the two amended bills, and this appeal is from the final order of dismissal. Ocean Beach Improvement Company being a party to the foreclosure suit, the matter is *res adjudicata* and the bill was properly dismissed as to that party.

Two of the certificates appellees foreclosed on were not two years old and had not been properly advertised before sale. For that reason the deed was prayed cancelled and vacated. The owner of tax certificates has an election as to the procedure he will follow. By filing the bill of complaint the holder has elected to enforce the lien of the certificates. In such proceedings it is only necessary to show a lawfully obtained certificate together with payment of subsequent omitted taxes. In the instant case the statute was complied with by showing the good certificates and proof of payment of all subsequent omitted taxes to date of the suit. Certificates numbered 11035 and 11041, though insufficiently advertised and not two years old, were included in the subsequent omitted taxes, and could properly be added to the amount of the lien.

It is contended that the description of the land contained in the certificates and deed materially differs from the true description and thus creates a cloud on title. In the alleged erroneous description the lots were referred to as "Lots 1 to 12 of a re-subdivision of Block B and Lots 7 to 12 of a re-subdivision of Block D." The discrepancy lies in the addition of the prefix "re" to the word "subdivision." In Newsom v. Belle Meade Development Corp., et al., 131 Fla. 143, 179 So. 160, we find the following:

"In volume 26, page 357 R. C. L., the text says: 'A description in an assessment which is inherently defective cannot be supported by extrinsic evidence.' This Court has applied that rule to descriptions in tax deeds where the deeds were relied upon as muniments of title, but has applied a more liberal rule where the tax deed or the tax sale certificates was relied on only as the evidence of a lien. This is because that when the certificate or deed is relied upon as a lien the defendant, the owner at the time the

certificate or deed was issued, in the proceedings to enforce the lien is given the opportunity to redeem from such lien as may have been created, and is given notice of the claim of the lien on the particular property involved. See Tax Securities Corp. v. Boreland, 103 Fla. 63, 137 So. 151, 154."

The question having arisen out of a lien foreclosure proceeding and the description being such as to warn the owner of the charge upon the land and to advise possible purchasers of what land is to be sold (Miller v. Lindstrom, 45 Fla. 473, 33 So. 521) the certificates and deed cannot be declared null and void for incorrect description.

Appellants contend that by virtue of a restrictive covenant on the use of the land providing "that the property was never to be used or occupied by, leased or resold to anyone other than a member of the white race" the certificates sold to Jenkins, a member of the Negro race, should be cancelled. The acquisition of the certificates by Jenkins is in accordance with Section 992 (775) C. G. L. and the mere fact that the certificates were at one time held by a member of the Negro race does not afford ground for cancellation.

The decree of the circuit court is affirmed without prejudice to the right of Stevens to bring suit to foreclose his mortgage.

It is so ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.