THE WARREN COMPANY, INCORPORATED, a Corporation,
v. H. D. HOWELL

3 So. (2nd) 167
Division A
Opinion Filed June 27, 1941

*James H. Finch,* for Plaintiff in Error.

*Clyde R. Brown,* for Defendant in Error.

*J. Tom Watson,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, as *Amicus Curiae.*

BUFORD, J.—Writ of error brings for review final judgment in favor of defendant in an action in replevin. Judgment was entered on stipulation of facts which is as follows:

"That the property involved in this suit consists of: One Black Trim Model 910 Warren Quality Refrigerating Display Case, with slide doors, complete, Serial No. 3534.

"That the actual value of said property at the commencement of this suit was the sum of $350.00.

"That the time of the commencement of this suit, the said property was in the possession, custody and control of the defendant H. D. Howell in Holmes County, Florida; and that said property had not been taken for any tax, fine or assessment levied by virtue of any law of the State of Florida, except and unless the manner of the acquisition of said property by the

defendant, H. D. Howell, as hereinafter set out should be so construed, nor was same seized by virtue of any execution or attachment against the property of the plaintiff liable to execution.

"That on or about February 6, 1937, the said property was brought into the State of Florida for the first time by the plaintiff, who bargained to sell the same to A. & W. Market, of Bonifay, Florida, under a retain title contract, by which said contract the plaintiff, as seller, retained the title to said property in the plaintiff until the full amount of the agreed purchase price thereof should be paid to plaintiff by said A. & W. Market.

"That the property involved in this suit was used by the A. & W. Market as a fixture, for the display of meats, vegetables, etc., for sale, and was not itself an article or piece of property kept for sale.

"That in bargaining to sell the said property to said A. & W. Market, the plaintiff Company, on Feb. 6, 1937, time of the contract, of sale, allowed the said A. & W. Market a credit for an old refrigerator case which they had in their store, such credit being allowed in the sum of $285.00, and the Warren Company, plaintiff, took back such old case pursuant to the credit allowed and removed it from Holmes County, Florida, on or about Feb. 6, 1937.

"That old case was in said Market on Jan. 1, 1937, and included with other property in assessment for 1937 taxes.

"That the contract of sale under which the property involved in this suit was sold, provided that upon default in meeting the payments therein provided for, the plaintiff, as seller, should become entitled to the

possession of said property, and should have the right to take same into plaintiff's possession.

"That prior to March 17, 1939, the said A. & W. Market did make default in paying the installments on said contract of sale, and that plaintiff became entitled, prior to March 17, 1939, as between plaintiff and the said A. & W. Market, to the possession of the property involved in this suit.

"That taxes for the State of Florida and Holmes County for the year 1937 were levied by the Tax Assessor of said county on the mercantile business and property of said A. & W. Market, but that in making such assessment no particular items of property were described; that a like assessment was made of taxes against the mercantile business of said A. & W. Market for the year 1938.

"That on March 17, 1939, M. C. Bolden, Tax Collector in and for Holmes County, Florida, having levied upon the entire stock of merchandise and fixtures found in the store of A. & W. Market in the town of Bonifay, in said county, for the purpose of enforcing payment of the 1937 taxes, and also the 1938 taxes so due State of Florida and Holmes County, Florida, after due notice as provided by law, sold at public auction to the highest bidder the groceries, fixtures and other personal property situated in the store of said A. & W. Market, including the Black Trim Model 910 Warren Quality Refrigerating Display Case involved in this suit; that the property so sold is the property described in bill of sale, made by said M. C. Bolden, Tax Collector, dated March 17, 1939, set out in full in defendant's second plea. That said property was sold to defendant H. D. Howell, for the sum of $75.00.

"That the defendant H. D. Howell was in possession of the property involved in this at and before the commencement of this suit, claiming title thereto, and the right of possession thereto, by virtue of his purchase of same, along with the other property mentioned in the said bill of sale, as evidenced by the said bill of sale; and defendant H. D. Howell, prior to the commencement of this suit refused to deliver possession of the property involved in this suit to the plaintiff.

"It is further agreed that if under the bill of sale, so made by M. C. Bolden, Tax Collector, as set out in defendant's second plea filed in this case, title to the property involved in this suit was lawfully conveyed to the defendant H. D. Howell in such event a judgment should be given in this case for defendant, H. D. Howell. On the other hand, it is agreed that if the defendant did not by the purchase so evidenced by said bill of sale acquire a lawful title to the property involved in this suit, a judgment should be for the plaintiff."

Plaintiff in error contends that because the refrigerator display case was not in the store of A. & W. Market on January 1, 1937, it was not subject to sale for taxes assessed and levied for that year.

Stocks of merchandise and trade conveniences, such as show-cases, scales and other appliances ordinarily used in the conduct of a mercantile business, in stores may be assessed in the aggregate and in one unit as stock in trade. Stock in trade includes all chattels which the merchant acquires and puts into his place of business for use in his trade or for the purpose of sale. See 60 C. J. 106. See also Endrizzi v. Peto (1917), B. C. 1 West Week. Rep. 1439, cited 9 A. L. R. 1264, where it was said:

"The defendant here is a trader. If he were just planning to enter into business as a trader, he must first ascertain what he needs to carry on his business and what capital would be required. I should be of the opinion that whatever he would need to carry on his business, not only of merchandise which he places upon his shelves or counter for sale, but such other materials as he would need for measuring, weighing or cutting such materials, or for keeping his books or cash, in connection with his business, would constitute the 'stock in trade of his business' . . . I am of the opinion, therefore, that the goods in question here come within the meaning of the phrase 'stock in trade of the defendant's business,' and are consequently not exempt from seizure."

"When this display case was placed in the store to take the place of another implement or accessory of like character it became an integral part of the stock in trade and became subject to levy and sale to enforce the payment of the tax levied against the unit stock in trade.

Plaintiff in error concedes in brief that if the refrigerator case had been in the store on January 1, 1937, it would have been subject to sale for the taxes of that year.

If only the chattels in the store on the first day of January, 1937, were subject to sale for the delinquent tax on the stock in trade for that year, there would be practically no way to enforce the tax because it is a matter of common knowledge that most of the average stock of goods is turned over many times during the course of a year and the burden would be on the tax collector to segregate and sell only those chattels or those identical articles of merchandise which were in

the store at the beginning of the taxing period. The stock in trade including goods, wares, merchandise and movable fixtures used in the trade must be assessed as a unit and the unit as it exists at the time of levy for the payment of delinquent taxes is subject to sale to enforce the payment of the tax.

It is contended that the sale insofar as it was to enforce the tax for 1938 was void because the sale was made on the 17th day of March before tax became delinquent on April 1, 1939.

The contention is without merit because the lien attached on January 1, 1938, and the tax was due and payable November 1, 1938. The sale to satisfy the lien of the 1938 assessment was an incident to the enforcement of the lien for the 1937 assessment.

If the stock in trade had been sold only to satisfy the levy for 1937 taxes, the lien for the levy of the 1938 taxes would have remained outstanding, subject to being enforced by another and subsequent sale. It was proper to extinguish both existing and matured liens by the one sale so that purchaser would acquire title free from State and county tax liens. In this regard, we apply the same legal principles which apply to the extinguishment of the tax liens on real estate. In Hyland v. Rodney, *et al.*, 142 Fla. 319, 195 Sou. 574, we held:

"A holder of tax certificate, which has matured to such extent that tax deed may be issued thereon, is entitled to redeem land described from liens of subsequent taxes so that purchaser of tax deed may become invested with new and independent title free and clear of all tax liens."

See also Ocean Beach Improvement Co., *et al.*, v. Jenkins, *et al.*, 142 Fla. 273, 194 So. 787.

On consideration of the entire record no reversible error is made to appear. Therefore, the judgment is affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., dissents.