WIGGINTON, Acting Chief Judge
(dissenting).
I regret that I find it necessary to disagree with my colleagues on the majority opinion rendered by them in this case.
The sole question presented for our decision is whether the terms of the statute which require that proof of publication of the notice of application for tax deed be filed with the clerk of the circuit court on or before the day fixed for the making of the sale is mandatory, or directory only.
Prior to 1941, the effective statute governing the issuance of tax deeds was Chapter 17457, Laws of Florida, Acts of 1935, which provided in Section 3 thereof as follows:
“Proof of the publication or posting of the notice provided for in the preceding Section shall be filed with the Clerk of the Circuit Court on or before the day fixed ■ for the sale. No sale shall be made, and no tax deed shall be issued unless such proof of publication or posting has been so filed with the Clerk. Where there is no newspaper, the Clerk shall execute a certificate as to the posting of such notices, stating where and on what dates the notices were posted.”
It will be noted that the foregoing statute required that two things be done preliminarily to the issuance of a tax deed. It first required as a matter of procedure that the proof of publication of the notice of application for the deed be filed with the clerk of the circuit court on or before the day fixed for the sale. Secondly, it mandatorily provided that no sale shall be made, and no tax deed shall be issued unless such proof of publication has been so filed with the clerk.
The foregoing statute was first interpreted by the Supreme Court in Tax Securities Corporation v. Borland,[1] in which the court held that the requirement for filing the proof of publication before any tax deed shall be issued was for the purpose of giving constructive notice to interested parties that the deed will issue unless the amount of taxes and costs, with interest thereon, are paid on or before the published date. The court’s decision appears to be based primarily on the prohibitory provision of the statute which enjoined the issuance of a deed until the proof of publication was filed.
Based upon the decision rendered in the Tax Securities Corporation case, the Supreme Court later held in Coult v. Mc *592 Intosh Inv. Co.[2] that under the terms of the statute the proof of publication must be filed with the clerk before he is authorized to issue the tax deed which requirement, in the Tax Securities Corporation case, was held to be mandatory and jurisdictional. Again the court emphasized that language contained in the statute which prohibited the making of the sale, or the issuance of the deed until the proof of publication was filed with the clerk.
In 1941 the Legislature of Florida adopted Chapter 20722, popularly known and referred to as the “Holland Tax Law.” This act was a complete revision of the laws of this state relating to and concerning the levy, assessment, and collection of ad valorem taxes, including the procedure for issuing tax deeds. Section 27 of this act, now F.S. Section 194.17, F.S.A., provides as follows:
“PROOF OF PUBLICATION OF NOTICE FOR TAX DEED HOLDER, OTHER THAN COUNTY. Proof of the publication or posting of the notice provided for in the preceding section shall be filed by the cleric of the circuit court in his office on or before the date fixed for the making of the sale. Where there is no newspaper the clerk shall execute and file in his office a certificate as to the posting of such notices, stating where and on what dates the notices were posted.”
It will be noted that the foregoing section of the 1941 act is virtually a verbatim re-enactment of the above-quoted section of the 1935 tax law with the exception that the Legislature, through the re-enactment process, eliminated from the statute the provision which prohibited the holding of a sale or the issuance of a tax deed until the proof of publication of notice for application for the deed had been filed with the clerk, the provision so deleted from the prior law being as follows:
“ * * * No sale shall be made, and no tax deed shall be issued unless such proof of publication or posting has been so filed with the Clerk. * * * ”
In amending or modifying an existing statute, the Legislature is presumed to know the construction, if any, placed upon that statute by the courts which have interpreted it, and to have formulated the modifications or amendments in light of such interpretations. I therefore must assume that in enacting the 1941 tax law, the Legislature knew that the section of the 1935 act which required the filing of the proof of publication of notice before the tax deed could issue had been held by the Supreme Court to be mandatory and jurisdictional. I must assume that the Legislature intended to accomplish some useful purpose in eliminating that provision of the original tax law on which these decisions were based, and did not intend such modification to be a useless or futile act.
Since it was upon the omitted provision of the 1935 act that the Supreme Court’s decisions in the Tax Securities Corporation case and Coult case, supra, were based, it is my view that by deleting such provisions from the 1941 tax law it was the intention of the Legislature to provide that the filing of the proof of publication of the notice of the clerk on or before the date fixed for making the sale should be procedural and directory only, and should not constitute a mandatory requirement upon which the jurisdiction of the clerk to issue the deed would depend. It is noted that the proof of publication of the notice is not required to be filed until on or before the day fixed for the sale, which could conceivably be done on the day of sale and just minutes before the sale actually takes place. Because of this the proof of publication would serve no useful purpose as constructive notice to interested parties that the sale will take place on the date, place, and hour fixed in the published notice. The only useful purpose which could conceivably be served by the filing of the proof of publication in the office of the clerk would *593 be to establish that the notice of application for deed had been published, and constructive notice of the sale by such publication had been given as required by the statute in the event that compliance with the statute is ever questioned. No issue has been raised in the case sub judice regarding the sufficiency of the notice, or the fact that it was duly published and a copy mailed to the owner and other interested parties as required by the statute.
The tax deed now under consideration, which was issued in the year 1958, was issued pursuant to the provisions of the 1941 Holland Tax Law, Section 194.17, F.S. It is my interpretation of the act that the filing of the proof of publication of notice of application for tax deed in the office of the clerk of the circuit court on or before the date fixed for making the sale is directory only, and is not a mandatory jurisdictional prerequisite to the issuance of the deed. This is the interpretation placed upon the statute by the chancellor in dismissing the complaint filed herein, and accords with the modern trend of both legislative and judicial thinking as expressed by the Supreme Court of Arizona in Consolidated Motors, Inc. v. Skousen[3] as follows:
“The attitude of the courts and legislatures towards tax sales has changed considerably of recent years. Under the early common law every presumption was against the validity of a tax sale, and it was necessary for one claiming under such a sale to prove to the uttermost detail a compliance with the provisions of the statute. The effect of this was to make tax titles almost impossible to establish, and as a result the state was seriously hampered in the collection of the taxes due it. Many legislatures, therefore, including that of Arizona, have passed statutes relaxing the strict requirements of the common law in regard to proof of the validity of tax sales, and the modern tendency of the courts is to regard many provisions heretofore considered to be jurisdictional as merely directory. We are of the opinion that this tendency is a salutary one. * * * ”
There is another cogent reason why the filing of the proof of publication of notice of application for tax deed by the clerk of the circuit court in his office before the day fixed for making the sale is not a jurisdictional prerequisite to the issuance of the deed. The original section of the statute embodied in Chapter 20722, Laws of Florida, Acts of 1941, quoted earlier in this opinion now appears as Section 194.17, Florida Statutes, F.S.A., and is the law controlling our decision in this case. That statute is as follows:
“Proof of the publication or posting of the notice provided for in § 194.20 shall be filed by the clerk of the circuit court in his office on or before the date fixed for the making of the sale. Where there is no newspaper the clerk shall execute and file in his office a certificate as to the posting of such notices, stating where and on what dates the notices were posted.”
The foregoing statute requires that there be filed by the clerk in his office before the date fixed for making the sale proof of publication or posting of the notice provided for in F.S. Section 194.20, F.S.A. The latter statute, F.S. Section 194.20, F.S.A., provides as follows:
“It shall not be necessary that application for deed be made by a certificate holder at any particular time of the month, or that notice provided in § 194.16' be published at any particular time with reference to the day of making the deed so long as the day of making the deed shall be fixed not more than thirty days after the last publication of such notice.”'
From an examination of the last-quoted statute, it is readily apparent that it does- *594 not provide in any manner for the issuance of a proof of publication of any kind, or the posting of a notice of any kind. It therefore must be held that the provision of F.S. Section 194.17, F.S.A., which directs that proof of publication or posting of the notice provided for in Section 194.20 shall be filed by the clerk before making the sale is a complete nullity because the section of the statute referred to makes no provision for issuance of a proof of publication or the posting of a notice.
I would affirm the decree appealed.

. Tax Securities Corporation v. Borland, 103 Fla. 63, 137 So. 151.

. Coult v. McIntosh Inv. Co., 133 Fla. 141, 182 So. 594.

. Consolidated Motors, Inc. v. Skousen (1941), 56 Ariz. 481, 109 P.2d 41, 132 A.L.R. 1040, 1045.